OPINION
{¶ 1} Appellant, Adam L. Ryncarz, appeals from the November 6, 2001 judgment entry of the Portage County Municipal Court, Ravenna Division, granting appellees', the city of Aurora, the Aurora Police Department, and Joseph Chambers, motion for summary judgment.
 {¶ 2} On June 4, 2001, appellant filed a complaint for malicious prosecution, seeking damages in the amount of $10,000 plus costs, against appellees. On July 5, 2001, appellees filed separate answers and a demand for a trial by jury pursuant to Civ.R. 38(B). On October 19, 2001, appellees filed a motion for summary judgment pursuant to Civ.R. 56. On November 2, 2001, appellant filed a response in opposition to appellees' motion for summary judgment. A hearing on the summary judgment motion was held on November 5, 2001.
 {¶ 3} The facts emanating from the record are as follows: on August 3, 1999, Roberta Ryncarz ("Roberta"), appellant's mother, crashed appellant's 1992 BMW into a ditch on West Mennonite Road in Aurora, Ohio. Appellee Officer Joseph Chambers ("Officer Chambers"), an officer with appellee the Aurora Police Department ("the Aurora Police"), was dispatched to investigate the crash and upon arriving at the scene, found no one present. Therefore, Officer Chambers reported the automobile's license plate number and obtained a printout from the LEADS computer terminal. According to Officer Chambers' October 12, 2001 deposition, the information on the LEADS printout was the basis for the driving under suspension ("DUS") charge against Roberta. The LEADS printout stated that Roberta had no driving privileges indefinitely and contained information that the vehicle was titled to appellant. Officer Chambers went to Roberta's house to ask her about the crash, and she denied operating the vehicle. Based on Officer Chambers' deposition, Roberta was intoxicated and had an injury to her foot. Officer Chambers telephoned appellant and left him a message to return the call.
 {¶ 4} On August 4, 1999, appellant contacted the Aurora Police. Pursuant to Officer Chambers' deposition, he spoke with appellant, who told him "[t]hat the vehicle was his car, that he stored the car at [Roberta's] house and he allowed her to use it when she needed it." Officer Chambers further stated that "[w]hen I asked [appellant] about whether he knew that [Roberta] had driving privileges or not, he stated that he knew [that Roberta] did not have driving privileges. And when I advised [appellant] that that was called wrongful entrustment * * *, he then told me that he thought [Roberta] had work privileges." Officer Chambers wrote appellant's admissions on the back of the citation, which formed the basis for the arrest warrant.
 {¶ 5} Later that day, Roberta went to the Aurora Police and made a voluntary written statement that she had been driving appellant's automobile at the time of the accident. The Aurora Police arrested Roberta for operating appellant's motor vehicle while under the influence of alcohol ("DUI"), a suspended license, leaving the scene of the accident, failing to control the vehicle, and obstructing official business.
 {¶ 6} Officer Chambers attempted to give appellant a citation when he came into the station to pick up his tow release, however, appellant refused to take it. According to Officer Chambers' deposition, he had two other phone conversations with appellant, who agreed to pick up the citation, but appellant failed to comply. Because appellant did not pick up the citation, it was taken to Kent Municipal Court for the issuance of an arrest warrant. Appellant was then arrested, pursuant to R.C. 4507.33, for permitting Roberta, an unlicensed driver, to operate his motor vehicle. The charges against appellant were dismissed without prejudice. Roberta, on the other hand, pleaded guilty to operating appellant's vehicle without a valid driver's license, in violation of R.C. 4507.02(A).
 {¶ 7} Pursuant to the November 6, 2001 judgment entry, the trial court granted appellees' motion for summary judgment. It is from that entry that appellant filed a timely notice of appeal on November 27, 2001, and makes the following assignment of error:
 {¶ 8} "The trial court erred to the prejudice of [appellant] when it granted [appellees'] motion for summary judgment."
 {¶ 9} In his sole assignment of error, appellant argues that genuine issues of material facts sufficient to defeat a motion for summary judgment are raised when evidence shows the existence of a valid defense to the charge of wrongful entrustment of a vehicle.
 {¶ 10} In order for a summary judgment motion to be granted, the moving party must prove: "* * * (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made." Mootispaw v. Eckstein (1996), 76 Ohio St.3d 383, 385.
 {¶ 11} The Supreme Court stated in Dresher v. Burt (1996),75 Ohio St.3d 280, 296, that: "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion,and identifying those portions of the record which demonstrate theabsence of a genuine issue of fact on a material element of the nonmovingparty's claim. The `portions of the record' to which we refer are those evidentiary materials listed in Civ.R. 56(C), such as the pleadings, depositions, answers to interrogatories, etc., that have been filed in the case. * * *" (Emphasis sic.)
 {¶ 12} If the moving party satisfies this burden, then the nonmoving party has the burden pursuant to Civ.R. 56(E) to provide evidence demonstrating a genuine issue of material fact. If the nonmoving party does not satisfy this burden, then summary judgment is appropriate. Civ.R. 56(E). Appellate courts review a trial court's granting of summary judgment de novo. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711. The Brown court stated that "we review the judgment independently and without deference to the trial court's determination." Id. An appellate court must evaluate the record "in a light most favorable to the nonmoving party." Link v. Leadworks Corp.
(1992), 79 Ohio App.3d 735, 741. Furthermore, a motion for summary judgment must be overruled if reasonable minds could find for the party opposing the motion. Id.
 {¶ 13} This court stated in Baryak v. Kirkland (2000),137 Ohio App.3d 704, 709, that "[t]he tort of malicious criminal prosecution is the right to recover damages for the harm caused to a defendant in a criminal case by the misuse of criminal actions. Criss v.Springfield Twp. (1990), 56 Ohio St.3d 82, 84. The elements of the tort of malicious criminal prosecution are: (1) malice in instituting or continuing the prosecution, (2) lack of probable cause; and (3) termination of the prosecution in favor of the accused. Id., citingTrussell v. Gen. Motors Corp. (1990), 53 Ohio St.3d 142, syllabus; Cawleyv. Dunlap, Lake Cty. Sheriff (Apr. 7, 1995), 11th Dist. No. 94-L-080, 1995 Ohio App. LEXIS 1461, at 8." (Parallel citations omitted.)
 {¶ 14} In the context of an action for malicious prosecution, the Supreme Court has defined malice as "an improper purpose, or any purpose other than the legitimate interest of bringing an offender to justice."Criss, supra, at 85. "[P]robable cause may be defined as a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged." Baryak,
supra, at 710-711, citing Huber v. O'Neill (1981), 66 Ohio St.2d 28, 30. If appellant cannot establish an issue of material fact with respect to all three elements regarding his malicious prosecution claim, summary judgment must be affirmed. See, Baryak at 710.
 {¶ 15} R.C. 4507.33 provides that:
 {¶ 16} "No person shall authorize or knowingly permit a motor vehicle owned by him or under his control to be driven by any person if either of the following applies:
 {¶ 17} "(A) The offender knows or has reasonable cause to believe the other person has no legal right to drive the motor vehicle;
 {¶ 18} "(B) The offender knows or has reasonable cause to believe the other person's act of driving the motor vehicle would violate any prohibition contained in sections 4507.01 to 4507.39 of the Revised Code."
 {¶ 19} In the case at bar, appellant stresses that there is no dispute that the case against him was terminated in his favor. Rather, appellant argues that the only issues to consider are whether there was malice in instituting or continuing the prosecution and whether probable cause to institute or continue the case existed. In this sense, appellant contends that construing the facts available to Officer Chambers prior to issuing the citation shows that there was no probable cause to institute or continue the prosecution for wrongful entrustment and, as such, his actions were malicious. Furthermore, appellant alleges that appellees' criminal wrongful entrustment case against him continued even after the underlying DUS/DUI case was dismissed against Roberta, thereby constituting malicious prosecution. We disagree.
 {¶ 20} The record clearly shows that appellant violated R.C. 4507.33, when he admitted to Officer Chambers, who wrote the admissions on the back of the citation, that he owned the vehicle at issue, permitted Roberta to drive his vehicle, and knew that Roberta had no legal right to drive his vehicle. Also, the LEADS printout confirmed that Roberta did not have driving privileges on August 3, 1999. Although appellees had the authority to arrest appellant at that time, they instead attempted to issue a citation on three separate occasions. However, appellant failed to comply. Therefore, Judge Martell issued an arrest warrant, in which appellant admits in his brief was proper because probable cause existed for his arrest.
 {¶ 21} Appellant's argument that it was malicious to continue the prosecution against him after Roberta's case was dismissed is misplaced. The record clearly shows that Roberta pleaded guilty to operating appellant's vehicle without a valid driver's license, in violation of R.C. 4507.02(A). Thus, this evidence conclusively establishes that Roberta had no legal right to drive.
 {¶ 22} Based on Baryak, supra, appellant fails to present any evidential material establishing that appellees acted maliciously and without probable cause. Also, appellant's admission to Officer Chambers that he owned the vehicle at issue, and permitted Roberta to drive it even though he knew that she had no legal right to drive, clearly shows that appellant violated R.C. 4507.33. Thus, probable cause existed to cite appellant for wrongful entrustment of his vehicle. As such, there is nothing in the record which shows any misuse of criminal actions. Consequently, we need not address the issue of governmental immunity. Therefore, based on Mootispaw, supra, it was proper for the trial court to conclude that summary judgment was appropriate.
 {¶ 23} For the foregoing reasons, appellant's sole assignment of error is not well-taken. The judgment of the Portage County Municipal Court, Ravenna Division, is affirmed.
Judgment affirmed.
William M. O'Neill and Cynthia Westcott Rice, JJ., concur.