OPINION
{¶ 1} The instant action in mandamus is presently before this court for consideration of the separate summary judgment motions of both respondents, the Hubbard Township Board of Trustees and the Public Employees Retirement Commission of Ohio. As the primary basis for each of their respective motions, both respondents assert that they are entitled to judgment in their favor on the entire petition of relator, Patrick J. Donlin, Sr., because they have already performed the specific acts which he has sought to compel by bringing this case. For the following reasons, we hold that both summary judgment motions have merit.
 {¶ 2} The subject matter of this action concerns the extent to which relator is entitled to participate in the retirement program for public employees of the state of Ohio. As part of his mandamus petition, relator asserted that, during the period from December 1979 until February 2002, he was qualified to participate in the Public Employees Retirement System because he was employed as a member of the Hubbard Township Planning and Zoning Commissions. Relator further asserted that, even though he never signed a written request to be exempted from the retirement program, the Hubbard Township Board of Trustees ("Board") did not withhold any funds from his earnings and did not make any contributions to the program in his behalf during that time period. Finally, he alleged in the instant petition that, although he had recently asked the Public Employees Retirement Commission of Ohio ("PERS") to determine the amount he would have to pay in order to "purchase back" the funds he had withdrawn from the program in 1984, PERS had never responded to his inquiry.
 {¶ 3} Based upon the foregoing basic allegations, relator requested this court to issue a writ of mandamus against both the Board and PERS, as the respondents in this matter. In regard to the Board, relator asked that it be compelled to: (1) provide documentation to PERS showing that he had been employed continuously during the entire twenty-two years; and (2) pay to PERS the amount of funds which would be equal to the amount of contributions it should have made since 1979. As to PERS, he asked that it be ordered to: (1) amend its records to indicate that he has been participating in the program since 1979; (2) take all necessary to obtain the past contributions owed by the Board; and (3) notify him of the amount he must pay to offset the 1984 withdrawal.
 {¶ 4} In answering the mandamus petition, the Board essentially denied that it had ever refused to make contributions to the retirement program for relator. In its answer, PERS stated that, after making the necessary calculations, it had recently informed relator of the amount of funds he would need to pay to "buy back" the service credit he had lost as a result of the 1984 withdrawal. PERS further stated that it had sent a statement to the Board indicating the amount which the Board owed for the unpaid contributions from 1984 to 2000. In relation to period of 1979 through 1984, PERS asserted that it could not ask the Board to make contributions for that period until relator had paid the amount covering the 1984 withdrawal.
 {¶ 5} After the instant action had been pending for approximately six months, the Board and PERS filed their separate motion for summary judgment on the mandamus petition. In its motion, the Board essentially admits that relator had been a public employee for the Hubbard Township and that it had been obligated to make contributions to the state retirement program from 1984 to 2000. The Board also contends that the merits of this case are now moot because, subsequent to the filing of its answer to the petition, it has paid to PERS the sum of $839.46 to cover the unpaid contributions for the disputed time period.
 {¶ 6} In support of this contention, the Board has attached to its motion the affidavit of the Hubbard Township Clerk, Sue A. Goterba. In this affidavit, Goterba states that the Township has recently made a "full accounting" to PERS the extent of relator's service as a Township employee. Goterba further avers that the Township has fully satisfied its obligation regarding relator's retirement by paying the sum of $839.46 into his account, consistent with the statement provided by PERS.
 {¶ 7} In its separate motion for summary judgment, PERS maintains that it is entitled to prevail on the mandamus claim because it has met all of its legal obligations concerning relator's retirement account. In support of its position, PERS has submitted the affidavit of its Director-Finance, Karen Carraher. In this document, Carraher states that: (1) as the custodian of the records for PERS, she has had the opportunity to review relator's file; (2) his file now indicates that he was a public employee for Hubbard Township from December 1979 to February 2002; (3) after the filing of the instant action, PERS mailed to Hubbard Township an Employer Billing Statement for the time period of August 1984 through July 2000; (4) PERS then received a payment from Hubbard Township covering the unpaid contributions for the period; and (5) Hubbard Township had previously made the necessary contributions to relator's account for the time period from July 2000 to February 2002.
 {¶ 8} As to the time period from December 1979 through August 1984, PERS contends that relator is not entitled to receive contributions from Hubbard Township because he had received in 1984 a refund from his retirement account which was predicated on his separate public employment with the Trumbull County Prosecutor's Office. Citing Ohio Adm. Code 145-1-31(E)(1), PERS argues that Hubbard Township cannot be "billed" for that period until relator has repaid the refund. As part of her affidavit, Carraher avers that, even though PERS sent relator a statement of the amount he must pay to have the service credit reinstated, he has not made the necessary payment.
 {¶ 9} Even though both motions for summary judgments contained certificates of service indicating that relator had been mailed copies of both motions, he did not file a response to either motion. As a result, the assertions in the Goterba and Carraher affidavits have not been contradicted.
 {¶ 10} In order to prevail on a motion for summary judgment, the moving party is required to establish that: (1) there are no genuine issues of material fact remaining to be tried in the matter; (2) the nature of the parties' evidentiary materials are such that a reasonable person could only reach a conclusion adverse to the nonmoving party, even when those materials are construed in a manner most favorable to him; and (3) the moving party is entitled to judgment as a matter of law. WelcoIndustries Inc. v. Applied Cos. (1993), 67 Ohio St.3d 344, 346. In relation to the first prong of this test, this court has consistently emphasized that, once the moving party has satisfied his initial burden of identifying the evidentiary materials which establish the lack of a factual dispute, the nonmoving party cannot merely rely upon his prior allegations; instead, that party has the burden to set forth new materials showing that a dispute still exists. See, e.g., Ryncarz v. Aurora, 11th Dist. No. 2001-P-0139, 2003-Ohio-6696.
 {¶ 11} In the instant action, the Board and PERS submit that they are entitled to summary judgment on relator's claim because they have already completed all acts they could be required to do in regard to his retirement account. In prior mandamus actions, we have stated that the writ will not be issued to compel a party to perform an act it has already performed. State ex rel.Hamilton v. Warden of Trumbull Correctional Inst., (Dec. 13, 2002), 11th Dist. No. 2002-T-0142, 2002 Ohio App. LEXIS 6684. When this has taken place, the merits of the mandamus claim have become moot, and summary judgment can be rendered for the respondent. Id.
 {¶ 12} As was noted previously, relator stated in his petition that he sought to compel the Board to inform PERS of the extent of his employment with the Township and make any payment needed to satisfy the unpaid retirement contributions for the preceding years. The undisputed assertions in the Goterba and Carraher affidavits prove that the Board has already performed both of the acts. That is, not only do the PERS records properly reflect the length of relator's service to the Township, but the Board has submitted the necessary payment in accordance with the statement provided by PERS.
 {¶ 13} Similarly, relator's petition requested that PERS be compelled to amend its records concerning the extent of his service, inform Hubbard Township as to the amount owed for the unpaid contributions, and inform him as to the amount he needed to repay into his retirement account to cover his 1984 withdrawal. Again, the statements in the two affidavits before us verify that PERS has completed each of these three acts.
 {¶ 14} As an aside, this court would note that, even though relator sought contributions for 1979 through 2002, the Board's evidentiary materials indicate that its recent payment to PERS only covered contributions for 1984 through 2000. However, as to the period of 2000 to 2002, the affidavits show that the Board had previously made contributions for these years. As to the period of 1979 to 1984, Ohio Adm. Code 145-1-31(E)(1) states that an employer cannot be required to make contributions covering a period in regard to which the employee has obtained a refund of his own separate contributions for that period, unless the employee chooses to repay the refund. Because it is undisputed that relator obtained a refund of his own contributions for this five-year period and he has not repaid the funds to PERS, the evidentiary materials before us support the conclusion that the Board has no legal obligation to pay contributions for this period.
 {¶ 15} Pursuant to the foregoing analysis, this court holds that both respondents in this case, the Hubbard Township Board of Trustees and the Public Employees Retirement Commission of Ohio, have established that there is no dispute that they have already performed any act requested by relator which they have a legal duty to do. As a result, they are entitled as a matter of law to prevail in this case because the merits of relator's mandamus claim are now moot. Accordingly, respondents have met each of the three requirements for summary judgment.
 {¶ 16} The motions for summary judgment of both respondents are hereby granted. It is the order of this court that judgment is entered in favor of respondents as to relator's entire mandamus petition.
Ford, P.J., Christley and Westcott Rice, JJ., concur.