PER CURIAM OPINION
{¶ 1} This original action is presently before this court for consideration of the motion to dismiss of respondent, Judge Paul H. Mitrovich of the Lake County Court of Common Pleas. As the primary grounds for his motion, respondent maintains that the petition of relator, Michael R. Penko, does not state a viable claim for a writ of mandamus because he has already performed the specific acts which relator is seeking to compel. For the following reasons, we conclude that the motion to dismiss has merit.
 {¶ 2} In bringing the instant action, relator seeks the issuance of an order under which respondent would be required to render judgments on two motions relator submitted in Lake C.P. No. 00CF001672. In support of his request for this relief, relator has alleged the following facts in his petition: (1) in April 2002, relator filed in the underlying case a motion to dismiss that proceeding for lack of jurisdiction and to stay the enforcement of a prior judgment; (2) in August 2003, he filed a separate motion to "compel" a ruling upon his April 2002 motion, setting forth a new allegation of fraud; and (3) although he has taken certain steps to request respondent to issue a decision on these two motions, respondent has not issued any written ruling upon either.
 {¶ 3} In moving to dismiss the mandamus petition, respondent essentially challenges the accuracy of relator's third allegation. Specifically, respondent states that relator's claim should be dismissed as moot because he has already rendered separate judgments on both of the cited motions. Regarding relator's motion to dismiss in the underlying case, respondent submits that this motion was actually submitted in January 2002, and that he issued a judgment overruling the motion in February 2002. As to relator's motion to "compel" a ruling upon the first motion, respondent further submits that, five days after the filing of this motion, he rendered a second judgment in which he denied the request to compel.
 {¶ 4} In support of the foregoing, respondent has attached to his present motion copies of the following three documents: (1) the docket sheet from Lake C.P. No. 00CF001672; (2) a judgment entry of February 26, 2004, in which relator's motion to dismiss for lack of jurisdiction was expressly overruled; and (3) a judgment entry of August 25, 2003, in which relator's motion to compel was expressly overruled. All three of these copies are certified as authentic by the Lake County Clerk of Courts.
 {¶ 5} As a general proposition, the basic purpose of a writ of mandamus is to compel a public official to perform an act which he has a legal duty to complete. Therefore, if the public official has already done the very act which is the subject of a mandamus action, the official is entitled to have the action dismissed because the merits of the mandamus claim are considered moot. State ex rel. Donlin v. Hubbard Twp., 11th Dist. No. 2003-T-0035, 2004-Ohio-1708. Furthermore, this court has indicated that, although it would usually be inappropriate to consider evidentiary materials in ruling on a motion to dismiss under Civ.R. 12(B)(6), such materials can be reviewed when the basis of the dismissal motion is mootness. State ex rel.Robinson v. McKay, 11th Dist. No. 2001-T-0125, 2002-Ohio-630.
 {¶ 6} In the instant case, respondent's three certified documents readily establish that he has already issued written judgments disposing of the two motions cited by relator. As a result, his evidentiary materials are sufficient to show that the merits of this action are moot because he has performed the two acts relator sought to compel.
 {¶ 7} As part of his response to the present motion to dismiss, relator does not contest the authenticity of the three certified documents. Instead, relator maintains that, after respondent had issued his February 2002 ruling on his original motion to dismiss in the underlying action, he submitted a second motion to dismiss on approximately April 22, 2002. However, our review of the certified copy of the docket sheet further shows that the Clerk of Courts never received a second motion to dismiss at that time. Rather, the docket sheet indicates that the Clerk only received a certificate of service on April 23, 2002. Under these circumstances, respondent would not have an obligation to render an additional judgment because the second motion to dismiss was never properly filed.
 {¶ 8} In the remainder of his response to the motion to dismiss, relator merely discusses the relative merit of the underlying case and the merits of respondent's decisions on the two cited motions. As to this point, this court would simply note that a mandamus action cannot be employed as a means of challenging the propriety of a trial judge's decision. That is, although a writ of mandamus can lie to compel a judge to render a judgment on a matter, it cannot be used to control the discretion of a judge and dictate a specific ruling upon a pending matter. See State ex rel. Keenan v. Calabrese (1994),69 Ohio St.3d 176, 180. Thus, once respondent had issued his respective judgments on the two motions, relator could only challenge the merits of those decisions through a direct appeal from each judgment.
 {¶ 9} Pursuant to the foregoing analysis, this court concludes that the merits of relator's mandamus claim are moot because respondent has already rendered judgments on the pending motions in question. Accordingly, respondent's motion to dismiss is hereby granted. It is the order of this court that relator's entire mandamus petition is dismissed.
Ford, P.J., O'Neill, J., Rice, J., concur.