PER CURIAM OPINION
{¶ 1} The instant action in mandamus is before this court for consideration of the motion to dismiss by respondent, Judge Eugene A. Lucci, of the Lake County Court of Common Pleas. In support of his motion to dismiss, respondent contends that the petition filed by relator, Selvin R. Cunningham, is barred for a multitude of reasons and therefore fails to state a claim upon which relief can be granted. For the reasons that follow, we agree with respondent and dismiss relator's petition.
 {¶ 2} On November 2, 2005, relator was indicted on the following: one count for failure to comply with order or signal of police officer, a felony of the third degree in violation of R.C. 2921.331(B); one count of receiving stolen property, a felony of the fourth degree in violation of R.C. 2913.51(A); one count of possessing criminal tools, a felony of the fifth degree in violation of R.C. 2911.12(A)(3); and one count of breaking and entering, a felony of the fifth degree in violation of R.C.2911.13(B). Relator entered a plea of not guilty to all counts on November 7, 2005.
 {¶ 3} Relator requested and received court-appointed legal counsel. Thereafter, on November 14, 2005, relator waived counsel and requested permission to represent himself. The trial court granted his request and appointed Atty. Nancy Biddell as standby legal counsel. Thereafter, relator filed a series of motions.
 {¶ 4} Relative to this mandamus action, relator filed the following motions. On January 31, 2006, relator filed a motion for public pay of an expert or in the alternative to disqualify the state's witness. On March 21, 2006, Atty. Biddell filed a motion to be withdrawn as back-up counsel for relator. On March 24, 2006, relator filed a motion for public pay for an investigator. The trial court ruled on these and other pending motions on April 24, 2006. The trial court denied relator's request for payment of expert and request for payment of investigator as well as Atty. Biddell's motion to withdraw.
 {¶ 5} Relator filed this mandamus action on April 3, 2006, prior to the trial court's ruling on the underlying motions which were subsequently denied on April 24, 2006. Relator stated in his complaint for mandamus that, "[o]n March 29, 2006, the relator's motion for public payment of an investigator was denied along with the relator's counsel's motion to withdraw as back up [sic] counsel as she was being called as a witness by the relator." However, the judgment entry of the trial court that disposes of relator's motions and Atty. Biddell's motion is dated April 24, 2006. Since a trial court speaks through its docketed judgment entries, we will accept April 24, 2006 as the date of the decision which denied relator's and his standby counsel's motions.[1]
 {¶ 6} "Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." R.C. 2731.01. Relator's complaint seeks the issuance of "a peremptory writ * * * directing the respondent to grant his motion for public payment of an investigator and grant relator's counsel's motion to withdraw and appoint alternate competent back up [sic] counsel i[n] this matter."
 {¶ 7} "In order for a writ of mandamus to issue, a relator must demonstrate that: (1) relator has a clear legal right to the relief prayed for, (2) respondent is under a corresponding legal duty to perform the requested act, and (3) relator has no plain and adequate legal remedy." State ex rel. Keenan v. Calabrese
(1994), 69 Ohio St.3d 176, 177-178; see, also, State ex rel.Brown v. Logan, 11th Dist. No. 2004-T-0088, 2004-Ohio-6951, at ¶4. Respondent challenges relator's mandamus as failing in all three requirements.
 {¶ 8} Respondent filed a motion to dismiss and/or in the alternative a motion for summary judgment with this court on April 27, 2006. Respondent asserts dismissal is required as a result of relator's failure to include the proper information in the affidavit of indigency attached to his complaint in mandamus as set forth in R.C. 2969.25. Respondent further alleges the mandamus action is moot because the trial court ruled on the pending motions after relator filed his complaint. Respondent also contests the mandamus action as improper because the trial court fulfilled its legal duty and there is no support for such extraordinary relief as mandamus. Finally, respondent challenges the mandamus action on the basis that it seeks to control the discretion of the trial court.
 {¶ 9} "[T]he basic purpose of a writ of mandamus is to compel a public official to perform an act which he has a legal duty to complete." Penko v. Mitrovich, 11th Dist. No. 2003-L-191,2004-Ohio-6326, at ¶ 5. It logically follows then, that if the public official has already performed the requested act, the mandamus action is moot. Id., citing State ex rel. Donlin v.Hubbard Twp., 11th Dist. No. 2003-T-0035, 2004-Ohio-1708.
 {¶ 10} In the present case, respondent provided evidentiary materials attached to it's motion, including the Lake County Court of Common Pleas docket sheet and the April 24, 2006 judgment entry ruling on relator's motions that are the subject matter of the mandamus.[2] Therefore, as a matter of course, the relator's mandamus became moot upon the ruling by the trial court on April 24, 2006 and should be properly dismissed.
 {¶ 11} Nevertheless, relator's mandamus complaint appears to acknowledge a previous decision and seeks a writ from this court advising the trial court to grant relator's motions at the trial court level. This is inappropriate. A mandamus writ may not control the court's discretion. State ex rel. Sawyer v.O'Connor (1978), 54 Ohio St.2d 380, 383; see, also, R.C.2731.03. Therefore, even if the mandamus action as filed by relator was not moot, it would be dismissed for failure to state claim upon which relief can be granted. In addition, relator has an adequate remedy at law.
 {¶ 12} A direct appeal from a final judgment of a trial court is an adequate remedy at law which bars a relator's mandamus action. State ex rel. Carr v. Inderlied (2000),137 Ohio App.3d 50, 53. Similarly, a delayed appeal initiated under App.R. 5 is an adequate remedy at law. Gaskins v. Shiplevy (1996),76 Ohio St.3d 380, 383; see, also, State ex rel. Lane v. Vettel (Aug. 15, 1997), 11th Dist. No. 97-A-0041, 1997 Ohio App. LEXIS 3671, at 3. It therefore follows that a criminal defendant may not use a mandamus action to contest decisions that could be challenged on direct or delayed appeal. State ex rel. Baker v. Scheimann
(1993), 67 Ohio St.3d 443, 444. In the instant matter, relator is challenging an issue that can be raised on appeal.
 {¶ 13} Pursuant to the foregoing analyses, respondent's motion to dismiss is granted. It is therefore ordered that relator's mandamus petition is dismissed.
Judge Diane V. Grendell, Judge Cynthia Westcott Rice, Judge Colleen M. O'Toole, concur.
[1] The judgment entry references a motion and/or status hearing that was held on March 29, 2006. However, there is no judgment entry reflected on that date.
[2] Evidentiary materials may properly be considered when the dismissal is requested on the grounds of mootness. Penko,
supra, at ¶ 5, citing State ex rel. Robinson v. McKay, 11th Dist. No. 2001-T-0125, 2002-Ohio-630.