PER CURIAM OPINION
{¶ 1} This action in mandamus is presently before this court for consideration of the motion to dismiss of respondent, Judge Michael A. Bernard of the Girard Municipal Court. As the primary basis for his motion, respondent submits that the allegations of relator, Robert R. Verbanik, are legally insufficient to state a viable claim for a writ because a mandamus case cannot be employed as a means of dictating a specific ruling on a pending matter. For the following reasons, we conclude that the motion to dismiss has merit. *Page 2 
 {¶ 2} The subject matter of the instant case concerns the disposition of a motion which relator filed in a criminal proceeding in the Girard Municipal Court. As part of that underlying proceeding, relator entered a plea of no contest to one count of receiving stolen property, a first-degree misdemeanor. Upon accepting the plea and finding relator guilty of the sole charge, respondent imposed a sentence which included a monetary fine, an assessment of costs, and an order to pay restitution. Approximately one week following the issuance of this sentence, relator moved respondent to vacate his judgment regarding the payment of the fine, costs, and restitution. In that motion, he asserted that he should not be required to pay because he was indigent.
 {¶ 3} Within twenty days of filing his motion to vacate before respondent, relator initiated the instant case before this court. In his mandamus petition, relator simply stated that he sought the issuance of an order which would require respondent to issue an immediate determination on his pending motion.
 {¶ 4} In now moving to dismiss the mandamus claim, respondent first submits that, prior to the filing of the instant case, he rendered a new judgment in which he specifically overruled relator's motion to vacate. Based upon this, respondent further contends that, since he has already issued a ruling on the motion, a writ of mandamus cannot lie because he cannot be required to take any additional steps in regard to that matter. He also contends that relator's claim is subject to dismissal because relator has an adequate legal remedy through a direct appeal from the new judgment overruling the motion to vacate.
 {¶ 5} In replying to the motion to dismiss, relator does not contest respondent's basic contention that a ruling on the motion to vacate has already been made. Instead, *Page 3 
relator has merely attacked the merits of that ruling; i.e., relator argues that respondent is obligated to grant his motion to vacate because the facts before respondent indicate that he is indigent at this time. Accordingly, relator has requested that respondent be required to rule in his favor on the motion to vacate.
 {¶ 6} As a general proposition, the essential purpose of a writ of mandamus is to require a public official to complete a specific act which he has a legal obligation to do. Cunningham v. Lucci, 11th Dist. No. 2006-L-052, 2006-Ohio-4666, at ¶ 9. In applying this essential purpose in the context of cases involving a judge's duty to rule upon pending motions, this court has emphasized that the writ cannot be used as a means of mandating a trial judge's holding on a particular matter; that is, while the writ will lie to require a judge to dispose of a pending motion, it will not lie to require a specific ruling. SeeState ex rel. Waites v. Mitrovich (Aug. 21, 1997), 11th Dist. No. 97-L-066, 1997 Ohio App. LEXIS 3776, at *2-3. In recognizing the foregoing distinction, the Supreme Court of Ohio has stated that, although the writ can be employed to force a judge to go forward and exercise his discretion, it cannot be used to actually control the judge's discretion. State ex rel. Keenan v. Calabrese (1994),69 Ohio St.3d 176, 180.
 {¶ 7} In light of the limited purpose of the writ, this court has held that if the trial judge has already performed the particular act which the relator seeks to compel, the merits of the mandamus claim will be considered moot and the entire action will be subject to dismissal.Penko v. Mitrovich, 11th Dist. No. 2003-L-191, 2004-Ohio-6326, at ¶ 5. In support of this holding, we have not only reiterated the basic point that the merits of the judge's decision cannot be litigated in a mandamus action, but have also noted *Page 4 
that the proper means for contesting the merits is a direct appeal from the judge's new determination. Cunningham, 2006-Ohio-4666, at ¶ 11-12. That is, since a relator can obtain a complete review of the merits of the new decision through a direct appeal of the matter, an appeal constitutes an adequate legal remedy which bars any further proceedings in a mandamus action. Id.
 {¶ 8} In the present case, even though relator filed two responses to the motion to dismiss, he never challenged respondent's assertion that a judgment overruling the motion to vacate was issued three days after the filing of that motion. In regard to this point, this court would indicate that, in most instances in which a judge has moved to dismiss on the basis that a judgment on the pending matter has already been rendered, the judge has usually attached a certified copy of the judgment to his motion. See Penko, 2004-Ohio-6326, at ¶ 6. However, although the submission of certified copies may be the best method for establishing the existence of such a judgment, we have also indicated that a finding of mootness can be made in an original action when the relator does not contest the respondent's contention. See State ex rel.Pasqualone v. Yost (July 24, 1998), 11th Dist. No. 98-A-0052, 1998 Ohio App. LEXIS 3424. Thus, this court concludes that the materials before us are sufficient to establish that the basic merits of relator's mandamus claim are moot because respondent has already ruled on the motion to vacate certain aspects of the underlying criminal sentence.
 {¶ 9} Under these circumstances, the foregoing case law dictates that this case cannot go forward solely upon the question of whether respondent erred in overruling the motion to vacate. Not only will a writ of mandamus not lie to mandate a particular ruling on a pending motion, but relator has an adequate legal remedy by way of a direct *Page 5 
appeal from the judgment on the motion to vacate. As to the latter point, it should be noted that, even though relator will be unable at this juncture to file a timely notice of appeal from that judgment, he still can move this court to bring a delayed appeal under App.R. 5(A). Accordingly, since the issue of whether respondent should be compelled to render a decision on the motion to vacate was the only question which relator could properly assert in the context of a mandamus action, the dismissal of the instant case is warranted on the grounds of mootness.
 {¶ 10} Pursuant to the foregoing analysis, respondent's motion to dismiss is granted. It is the order of this court that relator's entire mandamus petition is hereby dismissed as moot.
CYNTHIA WESTCOTT RICE, P.J., DIANE V. GRENDELL, J., MARY JANE TRAPP, J., concur. *Page 1