OPINION
{¶ 1} This action in mandamus is presently before this court for consideration of the motion to dismiss of respondent, Magistrate Richard Badger of the Portage County Domestic Relations Court. As the sole basis for his motion, respondent contends that the final merits of the mandamus claim have become moot because he has already performed the specific act which relator, David E. Feathers, was seeking to compel. For the following reasons, this court concludes that the dismissal of the case is warranted. *Page 2 
 {¶ 2} In bringing the instant case, relator sought the issuance of an order which would require respondent to render a final determination on a pending motion in an underlying civil proceeding. In his mandamus petition, relator alleged that he was a party to a civil protection action before the domestic relations court. He further alleged that, approximately two years after the final civil protection order had been released, he moved the domestic relations court for relief from the order under Civ.R. 60(B). In addition, his petition expressly stated that, although his new motion had been assigned to respondent for determination, respondent had still not rendered any final decision on the matter even though it had been pending for a period of three months.
 {¶ 3} In now moving to dismiss the mandamus petition, respondent submits that a writ cannot be issued in this instance because the merits of relator's sole claim are moot. Specifically, he asserts that, thirty days after the filing of this action, he rendered a written magistrate's order which, inter alia, overruled the pending motion to vacate the prior civil protection order. In support of this assertion, respondent has attached to his present motion a certified copy of a magistrate's order which was entered by the clerk of courts on October 18, 2006. A review of this document confirms that respondent made a final ruling on relator's motion to vacate.
 {¶ 4} As part of his response to the motion to dismiss, relator has not contested the authenticity of the certified copy of the magistrate's order. Furthermore, relator has not denied that, by issuing the magistrate's order, respondent has completed the exact act which was referenced in the mandamus petition. Nevertheless, he maintains that this action should still go forward because respondent committed certain procedural errors in overruling the motion to vacate. In this regard, relator states that respondent *Page 3 
violated his due process rights by not ordering his transport from a state prison so that he could be present at the oral hearing on the motion.
 {¶ 5} Under Ohio law, it is well established that a writ of mandamus will not lie to require a public official to perform a legal duty again after he has already completed the act once. State ex rel. Grove v.Nadel (1998), 84 Ohio St.3d 252. In recently applying the doctrine of mootness in a mandamus proceeding, this court stated:
 {¶ 6} "As a general proposition, the essential purpose of a writ of mandamus is to require a public official to complete a specific act which he has a legal obligation to do. Cunningham v. Lucci, 11th Dist. No. 2006-L-052, 2006-Ohio-4666, at ¶ 9. In applying this essential purpose in the context of cases involving a judge's duty to rule upon pending motions, this court has emphasized that the writ cannot be used as a means of mandating a trial judge's holding on a particular matter; that is, while the writ will lie to require a judge to dispose of a pending motion, it will not lie to require a specific ruling. SeeState ex rel. Waites v. Mitrovich (Aug. 22, 1997), 11th Dist. No. 97-L-066, 1997 Ohio App. LEXIS 3776, at *2-3. In recognizing the foregoing distinction, the Supreme Court of Ohio has stated that, although the writ can be employed to force a judge to go forward and exercise his discretion, it cannot be used to actually control the judge's discretion. State ex rel. Keenan v. Calabrese (1994),69 Ohio St.3d 176, 180.
 {¶ 7} "In light of the limited purpose of the writ, this court has held that if the trial judge has already performed the particular act which the relator seeks to compel, the merits of the mandamus claim will be considered moot and the entire action will be subject to dismissal.Penko v. Mitrovich, 11th Dist. No. 2003-L-191, 2004-Ohio-6326, *Page 4 
at ¶ 5. In support of this holding, we have not only reiterated the basic point that the merits of the judge's decision cannot be litigated in a mandamus action, but have also noted that the proper means for contesting the merits is a direct appeal from the judge's new determination. Cunningham, 2006-Ohio-4666, at ¶ 11-12. That is, since a relator can obtain a complete review of the merits of the new decision through a direct appeal of the matter, an appeal constitutes an adequate legal remedy which bars any further proceedings in a mandamus action. Id." State ex rel. Verbanik v. Bernard, 11th Dist. No. 2006-T-0080,2007-Ohio-1786, at ¶ 6-7.
 {¶ 8} In the present matter, relator initiated this proceeding for the sole purpose of compelling respondent to proceed on his Civ.R. 60(B) motion for relief from the civil protection order. Pursuant to the foregoing case law, now that respondent has issued a final ruling on the motion, this action cannot be employed as a means of reviewing the propriety of respondent's decision.
 {¶ 9} As was noted above, respondent's evidentiary material definitively shows that he has performed the act which was the sole subject matter of relator's mandamus claim. Thus, since the merits of that claim have become moot, respondent's motion to dismiss has merit. It is the order of this court that relator's entire mandamus petition is hereby dismissed.
MARY JANE TRAPP, J., concurs, DIANE V. GRENDELL, J., concurs in judgment only. *Page 1