OPINION
{¶ 1} This action in mandamus is presently before this court for consideration of the motion to dismiss of Thomas Altiere, Trumbull County Sheriff, and Dennis Watkins, *Page 2 
Trumbull County Sheriff. Under his sole claim for relief, relator, Lionel Brent Sellers, seeks the issuance of a writ of mandamus to compel the named respondents to release a copy of a videotape so that it can be considered in a pending criminal proceeding in the Warren Municipal Court. Upon reviewing the factual allegations in the mandamus petition, this court holds that relator has failed to state a viable claim for the requested relief. Accordingly, the dismissal of the action is warranted under Civ.R. 12(B)(6).
 {¶ 2} As the factual grounds for his claim, relator asserts that criminal charges have been brought against him as a result of an alleged physical altercation which took place in the Trumbull County Courthouse. Relator further asserts that this altercation was recorded by various surveillance cameras, and that the resulting videotape of the incident would constitute relevant evidence in an upcoming hearing on the charges.
 {¶ 3} According to relator, he tried to obtain a copy of the videotape by sending a subpoena to the Trumbull County Courthouse. However, even though the subpoena was sent approximately thirty days ago, he has not received any type of response from the named respondents, who included the State of Ohio, the City of Warren, the Warren City Law Director, the Trumbull County Sheriff, and the Trumbull County Prosecutor.
 {¶ 4} As an initial matter, this court would note that the issuance of a subpoena to the "Courthouse" did not constitute the most efficient means of obtaining the item in question. If the disputed videotape is relevant to the criminal action, relator should have filed with the municipal court a request for discovery from the city prosecutor. In turn, if the prosecutor refused to release the videotape and relator disagreed with that refusal, he could then move the municipal court to compel the discovery of the videotape. As *Page 3 
part of its authority over the criminal action, the municipal court can resolve any dispute regarding the discovery of any exculpatory evidence.
 {¶ 5} In making the foregoing point, it is not the intent of this court to state that a motion to compel discovery is the only means by which a criminal defendant can ensure his access to relevant evidence. However, regardless of the means employed by the defendant, any effort made to obtain access to the purported evidence must be made in the context of the underlying criminal action because only the trial court would have the authority to settle a dispute and, if necessary, compel a party to disclose any pertinent material.
 {¶ 6} Although the Ohio Constitution grants an appellate court the jurisdiction to consider some matters as original actions, the scope of our original jurisdiction does not extend to mere discovery disputes in pending criminal actions. In his instant claim for relief, relator has essentially alleged that his attempt to gain access to the videotape through the issuance of a subpoena in the criminal action has failed. In light of the fact that relator's limited allegation raises a discovery dispute, any remedy he might have lies with the municipal court. Under such circumstances, this court would not have the jurisdiction to review any decision as to the subpoena until a direct appeal from the criminal case has been filed.
 {¶ 7} To be entitled to the issuance of a writ of mandamus, the relator must be able to demonstrate, inter alia, that there is no other adequate legal remedy he could pursue to obtain the requested relief.Cunningham v. Lucci, 11th Dist. No. 2006-L-052, 2006-Ohio-4666, at ¶ 7. In considering this specific element of a mandamus claim, this court has held that a direct appeal from a criminal conviction constitutes an adequate *Page 4 
legal remedy which forecloses the issuance of the writ. Id.,2006-Ohio-4666, at ¶ 12.
 {¶ 8} In the instant matter, the allegations in relator's petition readily show that he will not be able to satisfy the "adequate remedy" element for the writ of mandamus. That is, his own allegations support the conclusions that he has the ability to contest the lack of a response to his subpoena through a proper motion before the municipal court in his underlying criminal case. Furthermore, if he disagrees with that court's resolution of the matter, relator can then appeal the decision to this court at the conclusion of the criminal case. As a result, the dismissal of his mandamus claim is warranted because, based upon his limited allegations concerning his actions in the pending criminal action, he is unable to prove a set of facts under which he would not have an adequate remedy at law.
 {¶ 9} For the foregoing reasons, the motion to dismiss of Sheriff Thomas Altiere and Prosecutor Dennis Watkins is granted. It is the order of this court that relator's entire mandamus petition is hereby dismissed as to those two respondents. As to the remaining three respondents, it is sua sponte ordered that relator's entire mandamus petition is dismissed for the same reasons.
 CYNTHIA WESTCOTT RICE, P.J., MARY JANE TRAPP J., concur. *Page 1