DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court on a petition for writ of mandamus filed by relator, Daniel L. Rittner, Sr. Respondent, the Honorable Michael Bumb, Judge of the Fulton County Court of Common Pleas, Probate Division ("Probate Court"), filed a motion to dismiss relator's petition. Relator has also filed (1) a motion to reduce the number of copies of the petition that is required by 6th Dist.Loc.App.R. 6; (2) a waiver of *Page 2 
filing fees and costs pursuant to R.C. 2969.25 supported by an affidavit of waiver and indigency; (3) a motion to strike respondent's motion to dismiss; and (4) a motion to serve "interested parties." Because the only respondent, Judge Bumb, was served with appellant's petition for mandamus, this last (fourth) motion is found not well-taken.
 {¶ 2} Briefly, the facts of this action, as set forth in appellant's petition, are as follows. On March 18, 1992, relator's former wife filed an affidavit of mental illness pursuant to R.C. 5122.11 in the Probate Court. On that same date, the Probate Court ordered the Fulton County Sheriff to detain relator and transport him to the Toledo Mental Health Center in Toledo, Lucas County, Ohio. Relator was declared to be "severely mentally ill." In 2002, he was released from the mental health facility without supervision, subsequently committed a crime, and currently is incarcerated in Allen County.
 {¶ 3} Apparently, relator filed a number of motions in the Probate Court in the spring of 2007. Attached to relator's petition are two judgments issued by the Probate Court. On May 4, 2007, Judge Bumb signed an entry finding relator's motions not well-taken and dismissing them. Relator alleges that his notice of appeal from the May 4, 2007 decision was never filed by the Clerk of the Fulton County Court of Appeals. On June 18, 2007, respondent entered the second judgment in which he found "legal documents" filed by relator not well-taken. The basis for this finding was a lack of jurisdiction over the matters set forth in those documents. In that judgment, respondent noted that the only proceedings involving relator took place in the Probate Court in 1992. *Page 3 
The June 18, 2007 entry also ordered the Fulton County Clerk of Courts to return the documents that relator attempted to file to him.
 {¶ 4} In his petition for writ of mandamus, relator asks this court to issue a writ ordering Judge Bumb to: (1) prove "to whom subject matter jurisdiction was relinquished" when he was mentally ill, the date subject matter was relinquished, and which statute or code authorized or mandated these acts; (2) rule upon any or all motions presented by relator and to file said motions in the Probate Court; (3) "respond publicly and address the reasons why subject matter jurisdiction was relinquished; "(4) take public responsibility for all of relator's criminal acts that were committed after relator was released from the mental health facility or take public responsibility because respondent "failed to see the relator was protected under the Ohio Revised Code as a severely mentally ill person subject to hospitalization under R.C. 5122.11"; and (5) order an investigation into the alleged physical and sexual abuse of relator's wife by relator while he was under the jurisdiction of the Probate Court and his spouse was receiving services from the Fulton County Department of Job Family Services.
 {¶ 5} In his motion to dismiss, Judge Bumb contends that relator fails to set forth a claim upon which relief can be granted. Dismissal under Civ.R. 12(B)(6) is appropriate if, after all factual allegations are presumed true and all reasonable inferences are made in the relator's favor, it appears beyond doubt that there are no set of facts that could warrant the requested extraordinary relief in mandamus. State ex rel.Talwar v. State Med. Bd. of Ohio, 104 Ohio St.3d 290, 2004-Ohio-6410,¶ 5. Our inquiry is limited to the four *Page 4 
corners of the complaint and all of its attachments. Temple v. OhioAtty. General, 10th Dist. No. 06AP-988, 2007-Ohio-1471, ¶ 13, citingState ex rel. Hanson v. Guernsey Cty. Bd. of Commrs. (1992),65 Ohio St.3d 545.
 {¶ 6} The Supreme Court of Ohio has set forth the ensuing three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. State ex rel. Berger v. McMonagle (1983),6 Ohio St.3d 28, 29. Mandamus is extraordinary remedy which is to be exercised with caution and issued only when the right is clear. Mandamus will not issue in doubtful cases. State ex rel. Taylor v. Glasser
(1977), 50 Ohio St.2d 165, 166.
 {¶ 7} With regard to the first and third issues raised by relator, Judge Bumb, in his capacity as the probate judge in the Fulton County Court of Common Pleas has neither any clear legal duty to "prove" to whom he relinquished jurisdiction over appellant's person in 1992 and/or 2002, nor to "respond publicly and discuss the reasons why he relinquished subject matter jurisdiction." As to the second request, a clerk of courts, in the absence of a finding that a person is a vexatious litigator under R.C. 2323.52, must, as a ministerial officer of the court, accept and file documents, including a notice of appeal, tendered by any party. State ex rel. Montgomery Cty. Pub. Defender v.Siroki, 108 Ohio St.3d 334, 2006-Ohio-1065, ¶ 10. Nonetheless, relator failed to name the Fulton County Clerk of Courts as a respondent in this action. Furthermore, while a *Page 5 
judge has the duty to rule on pending motions, see State ex rel Feathersv. Badger, 11th Dist. No. 2006-P-0093, 2007-Ohio-3195, ¶ 6, relator, by his own admission, indicates that he has no motions pending in the Probate Court at this time.
 {¶ 8} Moreover, respondent has no legal duty to take responsibility for the criminal acts that relator committed because relator could be released without the permission of the court. See R.C. 5122.21(B) (The chief clinical officer of the mental health facility may grant discharge of an involuntary mental patient "without the consent or authorization of any court."). In the alternative, any alleged act of the Probate Court in releasing relator was discretionary; therefore, Judge Bumb has absolute immunity. Elliott v. Ohio Dept. of Ins. (1993),88 Ohio App.3d 1, 8, citing Willitzer v. McCloud (1983), 6 Ohio St.3d 447, 449. In addition, respondent had no duty, once the relator was transferred to the Toledo Mental Health Center to see that relator was "protected," presumably not released or released under supervision, because he was a severely mentally ill person subject to hospitalization under R.C.5122.11. Id.
 {¶ 9} Finally, it is a well-settled principle of law that probate courts are courts of limited jurisdiction and are permitted to exercise only the authority granted to them by statute and by the Ohio Constitution. Corron v. Corron (1988), 40 Ohio St.3d 75, 77. The general grant of jurisdiction to probate courts is found in R.C. 2101.24. This statute does confer jurisdiction on respondent to conduct an investigation of physical or sexual abuse that allegedly occurred several years ago. *Page 6 
 {¶ 10} For all of the forgoing reasons, we find that relator fails to set forth any claim upon which relief can be granted, and respondent's motion to dismiss is granted. Relator's motion to strike respondent's motion to dismiss is found not well-taken, and his motion to reduce the number of copies of the petition that is required by 6th Dist.Loc.App.R. 6 is rendered moot. Relator fully complied with R.C. 2969.25; therefore, his request for a waiver of filing fees and costs in a civil action is granted. It is so ordered.
WRIT DENIED.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., William J. Skow, J., CONCUR. *Page 1