[Cite as *State ex rel. Ames v. Pittman*, 2016-Ohio-3239.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO ex rel. BRIAN M. AMES, | : | **PER CURIAM OPINION** |
| Relator, | : | |
| - vs - | : | **CASE NO. 2016-P-0017** |
| JUDGE LAURIE J. PITTMAN, | : | |
| Respondent. | : | |

Original Action for Writ of Procedendo or Mandamus.

Judgment: Petition dismissed.

*Brian M. Ames*, pro se, 2632 Ranfield Road, Mogadore, OH 44260 (Relator).

*Victor V. Vigluicci*, Portage County Prosecutor, and *Denise L. Smith*, Chief Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Respondent).

PER CURIAM.

{¶1} Before this court is relator, Brian Ames', pro se "Petition for a Writ of Procedendo or Mandamus." Respondent, Judge Laurie J. Pittman, has filed a motion to dismiss, pursuant to Civ.R. 12(B)(6), claiming that relator has "failed to state a claim upon which relief can be granted." Relator filed an "amended opposition to dismissal and motion for summary judgment." For the reasons that follow, the petition is dismissed as moot.

{¶2} Relator filed his petition on March 11, 2016. In his petition, relator requests this court issue a writ of mandamus or procedendo ordering respondent to rule

on his motion to recuse, filed in the Portage County Court of Common Pleas, on March 2, 2016.

**{¶3}** Respondent filed a motion to dismiss on March 22, 2016. Respondent maintains that an appellate court does not have the authority to order such a removal, as the authority to disqualify a judge is vested in the Chief Justice of the Ohio Supreme Court or his/her designee. *Beer v. Griffith*, 54 Ohio St.2d 440, 441-442 (1978) ("[s]ince only the Chief Justice or his designee may hear disqualification matters, the Court of Appeals was without authority to pass upon disqualification" of the trial court judge). Respondent further argues that relator had a plain and adequate remedy at law to disqualify her, through the procedures set forth to seek disqualification, as stated above. Additionally, respondent notes that relator is represented by counsel in the trial court.

**{¶4}** "Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." R.C. 2731.01. The basic purpose of a writ of mandamus is to require a public official to complete a specific act which he has a legal obligation to perform. *Cunningham v. Lucci*, 11th Dist. Lake No. 2006-L-052, 2006-Ohio-4666, ¶9.

**{¶5}** A writ of mandamus "will not issue to compel a public official to perform a legal duty which has been completed." *State ex rel. Gantt v. Coleman*, 6 Ohio St.3d 5, 5 (1983). (citations omitted). "In light of the limited purpose of the writ, this court has held that if the trial judge has already performed the particular act which the relator seeks to compel, the merits of the mandamus claim will be considered moot and the entire action will be subject to dismissal." *State ex rel. Verbanik v. Girard Mun. Court*

2

*Judge Bernard*, 11th Dist. Trumbull No. 2006-T-0080, 2007-Ohio-1786, ¶7. (citation omitted).

{¶6} To be entitled to a writ of procedendo, a relator must establish [1] a clear legal right to require the court to proceed, [2] a clear legal duty on the part of the court to proceed, and [3] the lack of an adequate remedy in the ordinary course of the law. *State ex. Rel. Sherrills v. Court of Common Pleas of Cuyahoga County*, 72 Ohio St.3d 461, 462 (1995). A writ of procedendo is proper when a court has refused to enter judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. Crandall, Pheils & Wisniewski v. DeCessna*, 73 Ohio St.3d 180, 184 (1995).

{¶7} First, we observe that relator has an adequate remedy at law to the issue of the alleged bias of respondent by way of filing an affidavit of disqualification with the Chief Justice of the Supreme Court, pursuant to R.C. 2701.03, to challenge any alleged prejudice. *State ex rel. Hach v. Summit Cty. Court of Common Pleas*, 102 Ohio St.3d 75, 2004–Ohio-1800, ¶7; *State ex rel. Pisani v. Cirigliano*, 133 Ohio App.3d 622, 626 (8th Dist.1999) ("if relator has questions about the impartiality of the judge and seeks his disqualification * * *, R.C. 2701.03 provides an adequate remedy in the ordinary course of law"). Additionally, the trial court did not refuse to render or unduly delay rendering a judgment. Relator filed his petition a mere nine days after he filed the motion to disqualify. It is completely unreasonable, under any metric, to demand the trial court to rule on such a motion within this nine-day time period. *See State ex rel. Culgan v. Collier*, 135 Ohio St.3d 436, 2013-Ohio-1762 (discussing Sup.R. 40(A)(3), which imposes on trial courts a duty to rule on motions within 120 days).

{¶8} Notably, the docket reveals that respondent issued a journal entry on March 31, 2016, finding merit in relator's motion to disqualify. Respondent recused

3

herself and requested the "Ohio Supreme Court to appoint an out-of-county visiting judge to handle [the] matter." Mandamus cannot be used "to compel an act that has already been performed." *State ex rel. Madsen v. Jones,* 106 Ohio St.3d 178, 2005-Ohio-4381, ¶11. Mandamus will not issue to compel relief on "issues which have become moot pending consideration of the court of appeals." *Gantt, supra* at 5. Accordingly, relator's petition is denied as moot.

{¶9} Next, we address the assessment of court costs. Although relator acknowledges that respondent did, in fact, rule on his motion to disqualify, he maintains that costs should be assessed against respondent. Contrary to relator's request, however, we refuse to assess costs against respondent. Costs are to be awarded to the prevailing party "*unless the court otherwise directs.*" Civ.R. 54(D). We acknowledge that respondent ruled on relator's motion for recusal while this petition was pending, rendering relator's petition moot. As previously discussed, however, relator's petition, if addressed on the merits, would have been unable to meet the requirements for the extraordinary remedy.

{¶10} For the foregoing reasons, the petition is dismissed as moot, and costs are to be assessed against relator.


CYNTHIA WESTCOTT RICE, P.J., DIANE V. GRENDELL, J., TIMOTHY P. CANNON, J., concur.

4