[Cite as *State ex rel. Watkins v. Sezon*, 2017-Ohio-252.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| JOHN H. WATKINS, ex rel. STATE OF OHIO, | : | **PER CURIAM OPINION** |
| | : | |
| Relator, | : | **CASE NO. 2016-A-0068** |
| | : | |
| - vs - | : | |
| MARIANNE SEZON, JUDGE, COURT OF COMMON PLEAS, ASHTABULA COUNTY, OHIO, | : | |
| | : | |
| Respondent. | : | |

Original Action for Writ of Mandamus.

Judgment: Petition dismissed.

*John H. Watkins*, pro se, PID: A670-782, Lake Erie Correctional Institution, P.O. Box 8000, 501 Thompson Road, Conneaut, OH 44030 (Relator).

*Nicholas A. Iarocci*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Respondent).

PER CURIAM.

{¶1} Before this court is relator, John H. Watkins', petition for a writ of mandamus and respondent, Judge Marianne Sezon's, motion to dismiss. For the following reasons, we find respondent's motion has merit and, accordingly, dismiss relator's petition.

{¶2}   Relator filed his petition on November 28, 2016, in which he asks this court to order respondent to rule on his motion for jail time credit, filed in the Ashtabula County Court of Common Pleas on September 2, 2016.

{¶3}   Respondent filed her motion to dismiss on December 2, 2016, asserting relator's petition is moot, as she has now ruled on the motion for jail time credit.  The docket reveals respondent denied the motion on December 1, 2016.

{¶4}   Relator filed a "reply brief" in opposition to the motion to dismiss on December 12, 2016.  Relator argues that although a judgment has been entered on his motion for jail time credit, he is nevertheless entitled to a writ of mandamus because he did not have an adequate remedy at law at the time he filed the petition and because he is entitled to the jail time credit requested.

{¶5}   "Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station."  R.C. 2731.01.  A writ of mandamus will issue when necessary to require a public official to complete a specific act that he or she has a legal obligation to perform.  *State ex rel. Cunningham v. Lucci*, 11th Dist. Lake No. 2006-L-052, 2006-Ohio-4666, ¶9 (citation omitted).

{¶6}   "A writ of mandamus will not issue to compel a public official to perform a legal duty which has been completed."  *State ex rel. Breaux v. Court of Common Pleas of Cuyahoga Cty.*, 50 Ohio St.2d 164, 164 (1977) (citations omitted).  "In light of the limited purpose of the writ, this court has held that if the trial judge has already performed the particular act which the relator seeks to compel, the merits of the mandamus claim will be considered moot and the entire action will be subject to

2

dismissal." *State ex rel. Verbanik v. Bernard*, 11th Dist. Trumbull No. 2006-T-0080, 2007-Ohio-1786, ¶7 (citation omitted).

{¶7} "[W]hen a respondent moves to dismiss on the basis that a judgment has already been rendered, the entry of that judgment may be proven by either a certified copy of the judgment or when the relator does not contest that the motion has been ruled upon." *Clough v. Lawson*, 11th Dist. Lake No. 2012-L-118, 2012-Ohio-5831, ¶8, citing *Verbanik*, *supra*, at ¶8.

{¶8} Respondent asserts the requested act has already been performed, which is supported by our review of the docket. Relator acknowledges that respondent has ruled on his motion. Therefore, relator's petition for a writ of mandamus, requesting a ruling on his motion for jail time credit, is considered moot.

{¶9} Relator has an adequate remedy at law, by way of a direct appeal, to challenge the trial court's ruling on his motion for jail time credit. We cannot issue a writ ordering respondent to grant his motion. *See Verbanik*, *supra*, at ¶6 ("the writ cannot be used as a means of mandating a trial judge's holding on a particular matter; that is, while the writ will lie to require a judge to dispose of a pending motion, it will not lie to require a specific ruling").

{¶10} For the foregoing reasons, respondent's motion to dismiss is granted.

{¶11} It is the order of this court that relator's petition for a writ of mandamus is dismissed.

DIANE V. GRENDELL, J., TIMOTHY P. CANNON, J., COLLEEN MARY O'TOOLE, J., concur.

3