THE STATE EX REL. ANDREWS, APPELLANT, *v.* CHARDON POLICE
DEPARTMENT ET AL., APPELLEES.

[Cite as *State ex rel. Andrews v. Chardon Police Dept.,* 137 Ohio St.3d 468,
2013-Ohio-4772.]

*Mandamus—Failure to timely appeal judgment denying writ—Judgment denying
writ affirmed.*

(No. 2013-0816—Submitted August 20, 2013—Decided November 7, 2013.)

APPEAL from the Court of Appeals for Geauga County, No. 2012-G-3074,
2013-Ohio-338.

_____

**Per Curiam.**

{¶ 1} We affirm the Eleventh District Court of Appeals' decision denying Andrews's request for reconsideration of a judgment rendered in a public-records mandamus case.

{¶ 2} Insofar as Andrews challenges the Eleventh District Court of Appeals' February 4, 2013 judgment denying his petition for a writ of mandamus, he failed to file a timely appeal from that judgment. S.Ct.Prac.R. 6.01(A)(1). The motion for reconsideration that Andrews filed in the court of appeals did not extend his time to appeal that court's judgment. *State ex rel. Manuel v. Stenson*, 126 Ohio St.3d 52, 2010-Ohio-2673, 930 N.E.2d 310, ¶ 1. Andrews cannot use an appeal from a denial of his motion for reconsideration as a substitute for a timely appeal from the judgment. *Id.*

{¶ 3} Insofar as Andrews appeals the court of appeals' denial of his motion for reconsideration, that court lacked jurisdiction to consider a motion for reconsideration and thus correctly denied the motion. A request for reconsideration of a judgment rendered by an appellate court in an original action

is a nullity because App.R. 26(A) is inapplicable. *Phillips v. Irwin*, 96 Ohio St.3d 350, 2002-Ohio-4758, 774 N.E.2d 1218, ¶ 5. Because the Eleventh District lacked jurisdiction over his motion (and thus correctly denied it), we affirm. We also dismiss appellees' motion to dismiss as moot.

**{¶ 4}** Based on the foregoing, we affirm.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

————————————

John Mark Andrews, pro se.

James R. Flaiz, Geauga County Prosecuting Attorney, and Bridey Matheney, Assistant Prosecuting Attorney; and James M. Gillette, Chardon Law Director and Police Prosecuting Attorney, for appellees.

————————————