**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Manley v. Walsh,* Slip Opinion No. 2014-Ohio-4563.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-4563

THE STATE EX REL. MANLEY, APPELLANT, *v.* WALSH, PROS. ATTY., ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Manley v. Walsh,* Slip Opinion No. 2014-Ohio-4563.]**

*Mandamus—Public employees—Employee's claim for back pay actionable in mandamus, but right to relief must be clear and amount established with certainty—When underlying material facts are in dispute, appropriate remedy is declaratory judgment to establish amount owed—Writ denied.*

(No. 2013-0880—Submitted February 4, 2014—Decided October 21, 2014.)

APPEAL from the Court of Appeals for Summit County, No. 25262.

_____

FRENCH, J.

{¶ 1} On February 19, 2010, appellant, John Manley, brought an original action for a writ of mandamus in the Ninth District Court of Appeals against his former employers, Summit County Prosecutor Sherri Bevan Walsh and Summit County, Ohio, appellees (collectively "the county"). In his prayer for relief, Manley asked the court to issue a writ compelling payment of "an amount to

cover back pay losses," including pension contributions and benefits, based on his allegation that the county did not compensate him in accordance with established county pay scales for his position.

{¶ 2} The Ninth District Court of Appeals granted summary judgment in favor of the county, denied Manley's cross-motion for summary judgment, and denied the writ. The appellate court also denied Manley's motion for sanctions.

{¶ 3} Manley filed a timely appeal to this court and has requested oral argument. For the following reasons, we deny Manley's request for oral argument and affirm the court of appeals' decision.

*Factual background*

{¶ 4} The parties agree that Manley was hired as an assistant prosecutor in the Summit County Prosecutor's Office on July 1, 2002. They also agree that Manley's position in the office changed as of January 2003 and that Manley's employment terminated in January 2009. But they agree on little else.

{¶ 5} According to Manley, Walsh promoted him to the position of chief counsel, civil division. He cites an interoffice memo in which Walsh wrote, "[e]ffective January 6, 2003, your classification is hereby changed from Assistant Prosecuting Attorney 3 * * * to Chief Counsel/Civil Division * * *." The letterhead later used by the prosecutor's office identified Manley as "Chief Counsel, Civil Division." The same title was attached to Manley's name in county audit documents, on an overtime-exemption form signed by Walsh, and in correspondence.

{¶ 6} Prior to 2003, an employee named John Quinn had management responsibility for the civil and tax divisions of the prosecutor's office and the child-support enforcement agency ("CSEA"). Quinn's title was "chief assistant county prosecutor," with a job code of 50031 and a working title of "chief counsel." In 2004, the official title for the 50031 position changed from chief

assistant county prosecutor to chief counsel. The duties of the position remained the same.

{¶ 7} Summit County defined the job responsibilities of the chief-counsel position (Code 50031) as follows:

> Under administrative direction; plans, assigns, directs, and manages a division of the Prosecutor's Office; formulates policy and procedure; evaluates, assigns, prepares, and presents cases in court; prepares legal documentation; acts on behalf of the Prosecutor; maintains a working knowledge of the law.

Manley alleged that the duties he actually performed matched this description: he planned, directed, and managed the work of a division of the office, reviewed and assigned cases to subordinates, and presented legal argument before courts and administrative agencies.

{¶ 8} When Quinn resigned in January 2003 to become a domestic-relations judge, Walsh decided to divide Quinn's duties among multiple employees. She promoted Manley to manage the civil division and Sandy Rubino to manage the tax division. But neither Manley nor Rubino had any responsibilities for the CSEA. Despite Walsh's interoffice memo informing Manley that his "classification [was] changed from Assistant Prosecuting Attorney 3 * * * to Chief Counsel/Civil Division," the county maintains that Manley kept his current pay grade, his job code of 50021, and his official title of assistant county prosecutor 3.

{¶ 9} Job code 50031 described the job's responsibilities as managing a *division* of the prosecutor's office. By contrast, job code 50021 included management responsibilities for a *unit* of the prosecutor's office. The documents

in the record do not define the difference between a "unit" and a "division" of the office.

{¶ 10} As of 2003, the Summit County Council had set an annual pay scale for the position of chief counsel ranging from a minimum of $84,872 to a maximum of $106,090. However, when Manley was appointed chief counsel of the civil division, his salary was set at $73,730 annually, well below the minimum set by law for job code 50031. Manley's salary fell above the midpoint of the established salary range for job code 50021. In his complaint, Manley alleged that he should have received an increase in salary to *at least* the minimum for the chief-counsel position, but he also alleged that comparable employees in the prosecutor's office were compensated with salaries at the midpoint in the applicable salary ranges.

{¶ 11} Summit County employees received pay increases of 3 percent in 2004, 2 percent in 2005, 3 percent in 2006, 3 percent in 2007, and 3 percent in 2008. But because his base salary was allegedly set too low, Manley claims that he did not receive the full benefit of those pay increases. In addition, he claims that he lost the full benefit of the county's 14 percent contribution on his behalf to the Ohio Public Employees Retirement System.

{¶ 12} Manley calculated that the county owed him $73,180.82 in back pay, $22,869.94 in statutory prejudgment interest, and $10,245.31 in lost retirement contributions.

*The motions for summary judgment*

{¶ 13} Manley's argument for summary judgment was straightforward: the county held him out as "Chief Counsel, Civil Division," and he performed the duties of that position. Therefore, the county had a clear legal obligation under the Summit County Codified Ordinances to pay him accordingly. Essentially, Manley claims a clear legal right to be paid in accordance with the pay scale applicable to job code 50031, at a minimum annual salary of $84,872.

**{¶ 14}** The county's motion presented two arguments. First, the county asserted that Manley could not demonstrate a clear right to relief because he was at all times officially a 50021 assistant county prosecutor 3, and the office used "chief counsel" in relation to him only as a "working title." Second, the county argued that laches barred Manley's claim. By his own admission, Manley knew of the alleged salary disparity in early 2003, yet he did not file suit until seven years later, in 2010.

*The court of appeals' decision*

**{¶ 15}** The Ninth District granted the county's motion for summary judgment, but did not adopt the county's legal arguments or version of the facts. Rather, the court granted judgment because it concluded that Manley was improperly using mandamus to *establish* the county's duty rather than to compel the enforcement of an established duty. That is, Manley was asking the court to create a duty from disputed facts and then enforce it. Thus, the court held that Manley failed to establish by clear and convincing evidence a clear legal right to be paid in accordance with his prayer for relief.

*Legal analysis*

*Oral argument*

**{¶ 16}** Manley has filed a request for the court to conduct oral argument. Oral argument in a direct appeal is discretionary. S.Ct.Prac.R. 17.02(A). In exercising this discretion, we consider whether the case involves a matter of great public importance, complex issues of law or fact, a substantial constitutional issue, or a conflict among the courts of appeals. *Appenzeller v. Miller*, 136 Ohio St.3d 378, 2013-Ohio-3719, 996 N.E.2d 919, ¶ 4 (and cases cited therein). Because Manley does not allege any such matters, we deny his request for oral argument and proceed to the merits of the appeal.

*Mandamus*

**{¶ 17}** Because the appellate court granted summary judgment, this court reviews the decision de novo, notwithstanding the general rule that the standard of review in a mandamus case is abuse of discretion. *State ex rel. Anderson v. Vermilion*, 134 Ohio St.3d 120, 2012-Ohio-5320, 980 N.E.2d 975, ¶ 8-9.

**{¶ 18}** Mandamus is an extraordinary remedy "to be issued with great caution and discretion and only when the way is clear." *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165, 166, 364 N.E.2d 1 (1977), citing *State ex rel. Kriss v. Richards*, 102 Ohio St. 455, 132 N.E. 23 (1921), and *State ex rel. Skinner Engine Co. v. Kouri*, 136 Ohio St. 343, 25 N.E.2d 940 (1940). A relator seeking a writ of mandamus must establish (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent official or governmental unit to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. The relator must prove entitlement to the writ by clear and convincing evidence. *State ex rel. Cleveland Right to Life v. State Controlling Bd.,* 138 Ohio St.3d 57, 2013-Ohio-5632, 3 N.E.3d 185, ¶ 2.

**{¶ 19}** Manley asserts that the appellate court erred in its determination that he was trying to establish, rather than enforce, a legal duty. The legal duty already exists, he contends, by virtue of the Summit County pay scales. The county does not dispute the pay scales, only Manley's place on them. To be entitled to the writ he requests, however, Manley must establish not only a clear legal right to be paid in accordance with the county pay scales, but also a clear legal right to be classified as a 50031 employee. That is where his claim falters. Further, we conclude that Manley had an adequate remedy in the ordinary course of the law.

**{¶ 20}** The parties vehemently dispute Manley's job classification following his January 2003 change in position, and both Manley and the county submitted evidence in support of their respective positions on that question.

**{¶ 21}** The county disputes that Manley was ever a 50031 employee, either officially or de facto, for two reasons. First, Walsh states in her affidavit that despite the names, both the civil division and the tax division were considered *units* of the office, under the management of a 50021 assistant county prosecutor 3, not divisions under the management of a 50031 chief counsel. By Walsh's own admission, however, Mary Ann Kovach "held job class 50031 and the title of 'Chief Counsel' for Criminal." Walsh does not explain why criminal was a division but civil was a unit.

**{¶ 22}** Walsh's second justification for keeping Manley in a 50021 classification is that Manley's "actual job responsibilities were considerably less than those contemplated for job class 50031." She does not explain this assertion except to note that Manley managed fewer employees and had fewer responsibilities than either Quinn or Kovach. But the responsibility of a 50031 employee is to manage *a* division of the office, not *multiple* divisions, as Quinn had. And Walsh does not identify any portion of the job descriptions suggesting that the difference between a 50021 employee and a 50031 employee is the number of employees supervised.

**{¶ 23}** Finally, in response to Manley's evidence that the office referred to him as "Chief Counsel, Civil Division" on multiple official documents, Walsh claims that she allowed Manley to use "Chief Counsel, Civil" as a "working title."

**{¶ 24}** In simple terms, the parties disagree about the facts.

**{¶ 25}** We begin with the principle that, as a general rule, a public employee's claim for wages or benefits is actionable in mandamus. *State ex rel. Kabert v. Shaker Hts. City School Dist. Bd. of Edn.*, 78 Ohio St.3d 37, 39, 676 N.E.2d 101 (1997). For a writ to issue on such a claim, however, the right to

relief must be clear and the amount established with certainty. *State ex. rel. Madden v. Windham Exempted Village School Dist. Bd. of Edn.*, 42 Ohio St.3d 86, 88, 537 N.E.2d 646 (1989), quoting *State ex rel. Villari v. Bedford Hts.*, 11 Ohio St.3d 222, 223, 465 N.E.2d 64 (1984). "The term 'with certainty' generally refers to 'whether a particular amount has been precisely determined as to its value in dollars and cents' and at times 'also refer[s] to the quality of proof, in order for an employee to demonstrate that he has a clear legal right to the relief for which he prays.' " [Brackets sic.] *State ex rel. Tempesta v. Warren*, 128 Ohio St.3d 463, 2011-Ohio-1525, 946 N.E.2d 208, ¶ 27, quoting *State ex rel. Hamlin v. Collins*, 9 Ohio St.3d 117, 120, 459 N.E.2d 520 (1984).

**{¶ 26}** Here, Manley's right to relief is not clear. Rather, it depends entirely upon his classification as either a 50021 or 50031 employee, a factual question the parties dispute. When the underlying material facts are in dispute, the appropriate remedy for a public employee is not mandamus, but a declaratory judgment to establish the amount owed. *State ex rel. Bossa v. Giles*, 64 Ohio St.2d 273, 276, 415 N.E.2d 256 (1980) (cases "involving a dispute over the number of hours of leave due might not be appropriately decided by an action in mandamus"); *see also State ex rel. McGarvey v. Zeigler*, 62 Ohio St.2d 320, 321, 405 N.E.2d 722 (1980) (holding that declaratory judgment was "more suited to resolving the issues presented" where the relator's rights were not clear).

**{¶ 27}** This court has explained that " '[m]andamus is not well adapted to the trial of questions of fact * * *. Its office is rather to command and enforce the performance of those duties in which the public has some concern, and where the right is clear, and does not depend upon complication of disputed facts which must be settled from the conflicting testimony of witnesses.' " (Emphasis deleted.) *State ex rel. Libby-Owens-Ford Glass Co. v. Indus. Comm.*, 162 Ohio St. 302, 307, 123 N.E.2d 23 (1954) (*overruled in part on other grounds*, *State ex rel. Sibarco Corp. v. Berea*, 7 Ohio St.2d 85, 218 N.E.2d 428 (1966)), quoting

*State ex rel. Boss v. Carpenter*, 51 Ohio St. 83, 89, 37 N.E. 261 (1894),. That is precisely the case here; Manley's right to the compensation he seeks depends entirely upon determination of the disputed question regarding his job classification, which must be settled in his favor from the conflicting evidence before he may succeed.

{¶ 28} We acknowledge that this court has on occasion held that factual disputes do not necessarily warrant dismissal of a mandamus action, but may instead warrant an evidentiary hearing in the court of appeals. *See State ex rel. J.J. Detweiler Ents., Inc. v. Warner*, 103 Ohio St.3d 99, 2004-Ohio-4659, 814 N.E.2d 482; *State ex rel. Levin v. Schremp*, 73 Ohio St.3d 733, 654 N.E.2d 1258 (1995); *State ex rel. O'Farrell v. New Philadelphia City Council*, 57 Ohio St.3d 73, 565 N.E.2d 829 (1991). Here, however, not only are factual disputes present, but Manley has an adequate remedy at law to resolve them.

{¶ 29} Specifically, Manley has an alternative remedy available through a combined action for declaratory judgment—deciding his job classification—and monetary relief in the court of common pleas. That single action in the common pleas court will provide complete relief to Manley. *See State ex rel. Viox Builders, Inc. v. Lancaster*, 46 Ohio St.3d 144, 145, 545 N.E.2d 895 (1989) (where a declaratory-judgment action would provide a complete remedy, it is an adequate remedy to warrant denial of a writ of mandamus). *But compare State ex rel. Fenske v. McGovern*, 11 Ohio St.3d 129, 464 N.E.2d 525 (1984) (where declaratory judgment would not be complete remedy unless coupled with mandatory injunction, availability of declaratory judgment was not appropriate basis to deny a writ to which relator was otherwise entitled).

{¶ 30} In summary, we conclude that Manley has not established a clear legal right to the 50031 job classification or to any particular salary within the salary range for that classification. Therefore, his right to back pay is not so clear as to justify issuance of the extraordinary writ of mandamus, and an action for

declaratory judgment is more suited to resolving Manley's claim. *See Viox.* Because a single action in common pleas court can resolve Manley's job classification through declaratory judgment and, if appropriate, provide Manley the monetary relief he seeks, Manley has an adequate remedy in the ordinary course of the law.

{¶ 31} For these reasons, we hold that the court of appeals was correct in its determination that Manley failed to carry his burden of proof. However, we caution that this decision is not an adjudication on the merits and should not bar Manley from instituting an action for declaratory judgment in the court of common pleas.

*Sanctions*

{¶ 32} During the proceedings in the court of appeals, Manley filed a motion for sanctions against the county respondents. Manley accused them of acting in bad faith by denying that he had served as chief counsel. In addition, he accused the county of meritless delay tactics, including filing a motion for reconsideration under App.R. 26, when that rule does not apply in original actions.

{¶ 33} Manley's third allegation of misconduct concerned the county's motion to dismiss, filed on April 9, 2010. Section III.A of the motion argued that Manley unreasonably failed to bring his salary complaint to Walsh's attention during his six years of employment and that the claim was therefore barred by laches. As part of that argument, the county stated that Walsh, as county prosecutor, had statutory authority to set the salaries for unclassified employees, not the county council.

{¶ 34} Manley responded by filing a brief in opposition and a motion to disqualify Walsh and her staff as counsel for the county, on the grounds of an alleged conflict of interest. Thereafter, the county voluntarily withdrew Section III.A of the motion to dismiss. The county indicated that it agreed with Manley

that dismissal based on laches would not be appropriate at that stage of the proceedings. The county reserved the right to reassert laches at the appropriate juncture.

{¶ 35} Based on the county's withdrawal of the laches argument, the appellate court denied the motion for disqualification.

{¶ 36} In Manley's view, the county acted improperly by removing the argument from the motion to dismiss as a means to avoid an adverse disqualification ruling, only to resurrect the issue in the motion for summary judgment.

{¶ 37} The appellate court denied Manley's motion for sanctions.

{¶ 38} This court reviews a lower court's decision whether to award sanctions for an abuse of discretion. *State ex rel. Striker v. Cline*, 130 Ohio St.3d 214, 2011-Ohio-5350, 957 N.E.2d 19, ¶ 11 (applying R.C. 2323.51); *Toney v. Berkemer*, 6 Ohio St.3d 455, 458, 453 N.E.2d 700 (1983). "Abuse of discretion" " 'connotes an unreasonable, arbitrary, or unconscionable decision.' " *State ex rel. Cincinnati Enquirer v. Hunter*, 138 Ohio St.3d 51, 2013-Ohio-5614, 3 N.E.3d 179, ¶ 21, quoting *State ex rel. Stine v. Brown Cty. Bd. of Elections*, 101 Ohio St.3d 252, 2004-Ohio-771, 804 N.E.2d 415, ¶ 12.

{¶ 39} We find no abuse of discretion. Manley's accusations of bad faith, willful delay, and gamesmanship are unconvincing. What he describes as bad faith is nothing more than an energetic defense.

{¶ 40} As to Manley's allegation that the county sought reconsideration of an interlocutory ruling under App.R. 26 solely for purposes of delay, we are not persuaded. Manley is correct that App.R. 26 does not apply to an original action in an appellate court. But it appears to be a common error for parties in original actions before the courts of appeals to invoke that rule. *See, e.g., State ex rel. Andrews v. Chardon Police Dept.,* 137 Ohio St.3d 468, 2013-Ohio-4772, 1 N.E.3d 333, ¶ 3; *Brock v. Moore*, 135 Ohio St.3d 188, 2013-Ohio-70, 985 N.E.2d

465, ¶ 1; *Phillips v. Irwin*, 96 Ohio St.3d 350, 2002-Ohio-4758, 774 N.E.2d 1218, ¶ 5.  It was certainly not an abuse of discretion for the appellate court to conclude that the App.R. 26 motion was filed in error and not as a willful act of misconduct.

**{¶ 41}** Finally, we reject Manley's argument that the county engaged in misconduct by withdrawing an argument from its motion to dismiss in order to avoid disqualification, only to reassert the argument in its summary-judgment motion.  Nothing prevented Manley from renewing his disqualification motion as soon as the county reasserted the argument.

**{¶ 42}** For these reasons, we affirm the appellate court's decision denying the motion for sanctions.

*Conclusion*

**{¶ 43}** Based on the foregoing, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, LANZINGER, KENNEDY, and O'NEILL, JJ., concur.

PFEIFER, J., dissents and would remand the case to the court of appeals for a hearing on the issue of damages.

————————————

Toma & Associates, L.P.A., Inc., Timothy N. Toma, and Stephen S. Ellsesser, for appellant.

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Marvin D. Evans, Assistant Prosecuting Attorney, for appellees.

————————————