[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ziegler v. Ohio Dept. of Pub. Safety,* Slip Opinion No. 2016-Ohio-1136.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-1136

THE STATE EX REL. ZIEGLER, APPELLANT, *v.* OHIO DEPARTMENT OF PUBLIC SAFETY ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ziegler v. Ohio Dept. of Pub. Safety,* Slip Opinion No. 2016-Ohio-1136.]

*Mandamus—Failure to timely appeal judgment of the court of appeals— Application for reconsideration en banc not applicable to original actions—Judgment dismissing petition for writ affirmed.*

(No. 2015-0530—Submitted November 17, 2015—Decided March 23, 2016.)

APPEAL from the Court of Appeals for Lake County, No. 2014-L-064, 2015-Ohio-139.

_____

**Per Curiam**.

{¶ 1} Appellant, Irm Ziegler, pro se, filed an original action in mandamus in the Eleventh District Court of Appeals, asserting claims regarding a public-records request she had made of appellee Ohio Department of Public Safety

("ODPS"). The court of appeals granted summary judgment to ODPS and appellees Thomas P. Charles, the director of ODPS, and Jacqueline Baumann, a legal intern with ODPS, and dismissed the petition for mandamus. The court of appeals subsequently denied Ziegler's application for reconsideration and en banc consideration.

{¶ 2} For the reasons that follow, we affirm the judgment of the court of appeals.

{¶ 3} On June 24, 2014, Ziegler made a request for public records and information based on events surrounding the June 2, 2014 arrest of Robert Setzer. Ziegler's lengthy request sought, among other things, records of "the alleged incident and me on June 2, 2014," and "any/all video and audio * * * of me being processed." In the request, Ziegler did not allege that she was with Setzer at the time of the incident.

{¶ 4} ODPS provided some records but denied portions of the request, stating the reasons for the denial. ODPS also claimed that portions of the request sought information rather than records or were ambiguous or overly broad. After Setzer's criminal case concluded, ODPS provided Ziegler with additional records that had been withheld as confidential law-enforcement investigatory records.

{¶ 5} When ODPS did not provide all the records, Ziegler filed this action in mandamus. On January 20, 2015, the court of appeals held that appellees had provided the records that were responsive to Ziegler's request and had properly denied the portions of the request that were ambiguous or overly broad. The court granted appellees' motion for summary judgment and dismissed the petition for mandamus. Two months later, on March 24, the court of appeals denied Ziegler's application for reconsideration and en banc consideration. Ziegler filed a notice of appeal on April 2, 2015.

{¶ 6} The court of appeals properly determined that the requests for reconsideration and en banc consideration were a nullity. App.R. 26 provides for

2

applications for reconsideration and for en banc consideration. But Zeigler's petition for mandamus was an original action, not an appeal, filed in the court of appeals. The civil rules of procedure, not the appellate rules, apply in an original action. An application for reconsideration or for en banc consideration under the appellate rules cannot be made in an original action. *State ex rel. Andrews v. Chardon Police Dept.*, 137 Ohio St.3d 468, 2013-Ohio-4772, 1 N.E.3d 333, ¶ 3; *State ex rel. Davet v. Sutula*, 131 Ohio St.3d 220, 2012-Ohio-759, 963 N.E.2d 811, ¶ 1.

**{¶ 7}** Ziegler's request for reconsideration did not extend the time to appeal the court of appeals' entry granting summary judgment. *Andrews* at ¶ 2. Her appeal from the March 24, 2015 denial of reconsideration cannot substitute for a timely appeal from the judgment on the merits. *Id.*

**{¶ 8}** Therefore, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, FRENCH, and O'NEILL, JJ., concur.

KENNEDY, J., concurs in judgment only.

_____

Irm Ziegler, pro se.

Michael DeWine, Attorney General, and Jeffery W. Clark and Morgan A. Linn, Assistant Attorneys General, for appellees.

_____