[Cite as *State ex rel. Swift v. Geauga Cty. Court of Common Pleas*, 2018-Ohio-3962.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO ex rel. THOMAS A. SWIFT, | **:** | **PER CURIAM OPINION** |
| Relator, | **:** | |
| - vs - | **:** | **CASE NO. 2017-G-0144** |
| GEAUGA COUNTY COURT OF COMMON PLEAS, et al., | **:** | |
| Respondents. | **:** | |

Original Action in Mandamus and Procedendo.

Judgment: Dismissed.

*James R. Flaiz,* Geauga County Prosecutor, and *Nicholas A. Burling*, Assistant Prosecuting Attorney, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Respondents).

*Thomas A. Swift,* pro se, PID: A283-573, North Central Correctional Complex, 670 Marion-Williamsport Road, P.O. Box 1812, Marion, OH 43302 (Relator).

PER CURIAM

{¶1} Relator, State of Ohio ex rel. Thomas A. Swift, seeks a writ of mandamus and a writ of procedendo to compel the Geauga County Court of Common Pleas to enter a single judgment of conviction in accordance with Crim.R. 32(C) and *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330. Respondents, Geauga County Court of Common Pleas, Judge H.F. Inderlied, Jr. (Retired), and Judge Carolyn J. Paschke, move to dismiss Swift's

petition pursuant to Cir.R 12(B)(6), for failure to state a claim upon which relief can be granted. We grant the motion to dismiss.

{¶2} In December 1991, Swift entered a plea of guilty to one count of rape in Geauga County Court of Common Pleas case number 91C190. Upon accepting his plea, the court sentenced Swift to a term of eight to 25 years in a state penitentiary.

{¶3} Immediately thereafter, Swift appealed his conviction to this court. On February 16, 1993, we reversed and remanded Swift's conviction because the record failed to show that Swift knowingly entered a plea of guilty. Upon remand, the state submitted its case to the Geauga County Grand Jury, which returned an indictment containing 500 counts of rape.

{¶4} Thus, Swift faced 500 counts of rape in case number 93C121. Swift unsuccessfully moved to dismiss case number 93C121. Thereafter, the state moved to join Geauga County Court of Common Pleas case numbers 91C190 and 93C121 for trial, and the court granted the motion to join the cases for trial.

{¶5} On December 13, 1993, Swift entered a plea of guilty to one charge of rape in case number 91C190, and 500 counts of rape in case number 93C121. The trial court accepted Swift's guilty plea as to all 501 charges. On December 17,1993, the court filed two separate judgments of conviction.

{¶6} In 1995, Swift appealed his conviction to this court. Swift argued that the trial court erred when it denied his motion to dismiss the 500 count indictment. Swift also argued that he did not voluntarily enter a guilty plea. On November 9, 1995, we affirmed the trial court's judgment. Our opinion began by recognizing that "[t]his appeal has been

taken from a final judgment of the Geauga County Court of Common Pleas." *See State v. Swift*, 11th Dist. Geauga No. 94-G-1838, 1995 WL 803806, *1 (1995).

**{¶7}** In 2017, Swift filed a motion to revise/correct the judgment entries to comply with Crim.R. 32(C) and *State v. Baker*. Swift argued that the court failed to provide him with a single judgment entry reflecting two combined cases and sentences under the "Baker one document rule." On July 19, 2017, Judge Paschke of the Geauga County Court of Common Pleas denied Swift's motion to revise/correct the judgment entries after applying the "Baker one document rule."

**{¶8}** On December 4, 2017, Swift filed a complaint for writs of mandamus and procedendo to this court. Swift argues that the trial court failed to properly set forth his sentencing in one judgment entry, as required by Crim.R. 32(C). He argues that the writs are necessary because the court denied his motion to revise/correct the judgment entries.

**{¶9}** Crim.R. 32(C) provides:

**{¶10}** "A judgment of conviction shall set forth the fact of conviction and the sentence. Multiple judgments of conviction may be addressed in one judgment entry. . ."

**{¶11}** The Supreme Court has clarified that only a single document constitutes a final appealable order. *See Baker*, *supra* at ¶1. The purpose of Crim.R. 32(C) is to "ensure that a defendant is on notice concerning when a final judgment has been entered and the time for filing an appeal has begun to run." *State v. Lester*, 130 Ohio St.3d., 2011-Ohio-303, ¶10.

**{¶12}** A writ of "[m]andamus is an extraordinary remedy 'to be issued with great caution and discretion and only when the way is clear.' * * * A relator seeking a writ of mandamus must establish (1) a clear legal right to the requested relief, (2) a clear legal

3

duty on the part of the respondent official or governmental unit to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. * * *" (Citations omitted). *State ex rel. Manley v. Walsh*, 142 Ohio St.3d 384, 2014-Ohio-4563, ¶18. In considering the third element of a mandamus claim, we have held that "a direct appeal from a criminal conviction constitutes an adequate legal remedy which forecloses the issuance of the writ." *Sellers v. State*, 11th Dist. Trumbull No. 2007-T-0090, 2007-Ohio-4484, ¶7.

{¶13} Similarly, "an appeal is an adequate remedy to prevent a writ of procedendo. *See State ex rel. New Concept Hous., Inc. v. Metz,* 123 Ohio St.3d 457, 2009-Ohio-5862, ¶2, *quoting State ex rel. Bd. of State Teachers Retirement Sys. of Ohio v. Davis*, 113 Ohio St.3d 410, 2007-Ohio-2205, ¶43 (holding that "'(p)rocedendo is not appropriate when the party seeking the writ has an adequate remedy in the ordinary course of law, e.g., appeal.'")" *State ex. rel. Huntington Natl. Bank v. Kontos*, 11th Dist. Trumbull No. 2013-T-0089, 2014-Ohio-1374, ¶22.

{¶14} Here, Swift seeks writs of mandamus and procedendo to compel the court to comply with the *Baker* one document rule. However, Swift filed a Motion to Revise/Correct Judgment Entry of Conviction and Sentence, which Judge Paschke denied on July 19, 2017. In her decision, Judge Paschke noted that there were two judgments of conviction, one for case number 91C190, and one for case number 93C121:

{¶15} "In case number 91C190, Mr. Swift: (1) plead[ed] guilty and (2) was sentenced to incarceration for eight to twenty-five years. The Judgment of Conviction was: (3) signed by Judge Inderlied and 4) journalized by the clerk. *See* Judgment of Conviction."

{¶16} "In case number 93C121, Mr. Swift (1) plead[ed] guilty and (2) was sentenced to incarceration on (a) count one for eight to twenty-five years consecutive with the sentence in Geauga County Court of Common Pleas case number 91C190; (b) count two for eight to twenty-five years consecutive to the sentence in 91C190 and consecutive to the sentence in count one of 93C121; and (c) counts three to five hundred for eight to twenty-five years concurrent with the second count in 93C121. The Judgment of Conviction was: (3) signed by Judge Inderlied and (4) journalized by the clerk. *See* Judgment of Conviction."

{¶17} Following Judge Paschke's decision, Swift could have filed a direct appeal. Because Swift had the opportunity to appeal, he cannot establish that he is entitled to a writ of mandamus or a writ of procedendo.

{¶18} Moreover, Crim.R. 32(C)'s purpose is to put defendants on notice of their opportunity to appeal. After the judgment against him, Swift appealed to this court in 1995, fulfilling Crim.R. 32(C)'s purpose. On that appeal, Swift failed to raise the issue of improper judgment. Further, our 1995 decision recognized that Swift's appeal came from the trial court's final judgment.

{¶19} For the foregoing reasons, respondents' motion to dismiss is granted. Swift's mandamus and procedendo petition is hereby dismissed.

CYNTHIA WESTCOTT RICE, J., TIMOTHY P. CANNON, J., COLLEEN MARY O'TOOLE, J., concur.

5