COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| STATE OF OHIO, EX REL., | : | JUDGES: |
| JAMES HOLDEN | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Relator | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : | Case No. 2023CA00098 |
|  | : |  |
| JUDGE THOMAS SWIFT | : |  |
|  | : | O P I N I O N |
| Respondent | : |  |

CHARACTER OF PROCEEDING:     Writ of Mandamus

JUDGMENT:     Writ of Mandamus dismissed

DATE OF JUDGMENT ENTRY:     October 3, 2023

APPEARANCES:

For - Relator

JAMES L. HOLDEN
By and through counsel
JAY F. CROOK
JAY F. CROOK,
ATTORNEY AT LAW, LLC
30601 Euclid Avenue
Wickliffe, OH 44092

For - Respondent

ROBERT DUFFRIN
Assistant Stark County Prosecutor
110 Central Plaza South, Suite 510
Canton, OH 44702

*Gwin, P.J.*

{**¶1**}    Relator James Holden filed a Petition for Writ of Mandamus against Respondent Judge Thomas Swift, a visiting judge for the Stark County Probate Court. The issue presented in Mr. Holden's mandamus action is whether his attorney, Jay F. Crook, was entitled to a continuance of a trial.

## I. Background

{**¶2**}    The underlying matter pending before the Stark County Probate Court concerns a will contest. Respondent Judge Swift is serving as a visiting judge on the case. This matter was scheduled for trial on August 21 and 22, 2023. On August 13, 2023, Attorney Crook filed a motion via fax requesting a continuance of the trial date. Attorney Crook sought a continuance due to the hospitalization of his mother. On August 18, 2023, an employee at the Clerk of Courts left a message with Attorney Crook advising him the case would proceed and that no further continuances would be granted.

{**¶3**}    Mr. Holden asserts an undue burden was placed upon him since his counsel was not available to participate in the trial. Mr. Holden explains, "[t]he action is even more harmful when the fact that two continuances were granted to opposing counsel to allow for sufficient recovery from surgery whereas a continuance was denied Relator's counsel during an ongoing medical crisis." Petition for Writ of Mandamus, Aug. 21, 2023, p. 2. It should be noted Judge Swift previously granted Attorney Crook a continuance to address a family law case emergency resulting in the continuance of a May 5, 2023 hearing.

{**¶4**}    Mr. Holden seeks mandamus relief from the alleged improper denial of Attorney Crook's request for a continuance. On September 5, 2023, Judge Swift filed a Motion to Dismiss. Mr. Holden never responded to the motion.

**II. Analysis**

A.       *Writ of mandamus elements and Civ.R. 12(B)(6) standard*

**{¶5}**    A relator seeking mandamus relief "must establish (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent official or government unit to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law." *State ex rel. Manley v. Walsh*, 142 Ohio St.3d 384, 2014-Ohio-4563, 31 N.E.3d 608, ¶ 18, quoting *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. "The relator must prove entitlement to the writ by clear and convincing evidence." *Id.*, citing *State ex rel. Cleveland Right to Life v. State Controlling Bd.*, 138 Ohio St.3d 57, 2013-Ohio-5632, 3 N.E.3d 185, ¶ 2.

**{¶6}**    Judge Swift seeks dismissal of the mandamus complaint under Civ.R. 12(B)(6). "For a court to dismiss a complaint pursuant to Civ.R. 12(B)(6), it must appear beyond doubt from the complaint that the relator can prove no set of facts warranting relief, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in the relator's favor." (Citation omitted.) *State ex rel. Bandy v. Gilson*, 161 Ohio St.3d 237, 2020-Ohio-5222, 161 N.E.3d 672, ¶ 11.

B.       *Mandamus relief is unavailable to control judicial discretion.*

**{¶7}**    Mr. Holden does not have a clear legal right to the requested relief and therefore, we dismiss his mandamus complaint under Civ.R. 12(B)(6). R.C. 2731.03 states: "The writ of mandamus may require an inferior tribunal to exercise its judgment, or proceed to the discharge of any of its functions, *but it cannot control judicial discretion*." (Emphasis added.) "Granting or refusing to grant a motion for continuance rests within

the sound discretion of the court." *State ex rel. Buck v. McCabe*, 140 Ohio St. 535, 537, 45 N.E.2d 763 (1942).

> It is well-established that when a court has discretion to act, its only duty is to exercise that discretion. *State ex rel. Butler v. Demis* (1981), 66 Ohio St.2d 123, 20 O.O.3d 121, 420 N.E.2d 116. Although a writ of mandamus may require an inferior tribunal to exercise its judgment or to proceed to the discharge of its function, R.C. 2731.03, it may not control judicial discretion, even if such discretion is grossly abused. R.C. 2731.03; *State ex rel. Sawyer v. O'Connor* (1978), 54 Ohio St.2d 380, 8 O.O.3d 393, 377 N.E.2d 494, quoting *State ex rel. Ney v. Niehaus,* 33 Ohio St.3d 118, 119, 515 N.E.2d 914 (1987).

**{¶8}** Thus, even if we found Judge Swift abused his discretion when he denied Mr. Holden's request for a continuance, mandamus relief is unavailable to address any alleged abuse of that discretion.

### III. Conclusion

**{¶9}** For these reasons, we grant Judge Swift's Civ.R. 12(B)(6) Motion to Dismiss. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

MOTION GRANTED.

WRIT DISMISSED.

COSTS TO RELATOR.

IT IS SO ORDERED.