[Cite as *State ex rel. Bush v. Ohio Adult Parole Auth.*, 2023-Ohio-4675.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Nathaniel Bush, Jr., | : | |
| Relator, | : | |
| | | No. 22AP-682 |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Ohio Adult Parole Authority, | : | |
| Respondent. | : | |

D E C I S I O N

Rendered on December 21, 2023

**On brief:** *Nathaniel Bush, Jr.*, pro se.

**On brief:** *Dave Yost*, Attorney General, and *Andrew Gatti*, for respondent.

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

BOGGS, J.

{¶ 1} Relator, Nathaniel Bush, Jr., has filed this original action, requesting a writ of mandamus ordering respondent, the Ohio Adult Parole Authority ("OAPA"), to afford him a new neutral and detached OAPA chair/designee in accordance with his due process and equal protection rights as determined by the United States Supreme Court in *Morrisey v. Brewer*, 408 U.S. 471 (1972). Respondent, OAPA, has filed a motion to dismiss for failure to prosecute, to which relator has not responded.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this court referred the matter to a magistrate, who issued a decision, including findings of fact and conclusions of law, which is appended hereto.

{¶ 3} On December 8, 2022, the magistrate issued an order, in which he ordered relator to file his brief by January 25, 2023. When relator failed to file his brief within the

allowed time, OAPA filed a motion to dismiss for failure to prosecute on February 15, 2023. Relator has filed neither a brief nor a response to OAPA's motion to dismiss.

{¶ 4} The magistrate recommends that this court grant OAPA's motion to dismiss pursuant to Civ.R. 41(B)(1), which states, "Where the plaintiff fails to prosecute, or comply with these rules, or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."[1] A dismissal under Civ.R. 41(B) is "an adjudication on the merits unless the court, in its order for dismissal, otherwise specifies." The magistrate recommends that the dismissal of relator's complaint be on the merits.

{¶ 5} No party has filed objections to the magistrate's decision. The case is now before this court for review.

{¶ 6} No error of law or other defect is evident on the face of the magistrate's decision. Therefore, pursuant to Civ.R. 53(D)(4)(c), we adopt the magistrate's findings of fact and conclusions of law. Accordingly, we grant OAPA's motion to dismiss, and we dismiss relator's complaint for a writ of mandamus.

*Action dismissed.*

BEATTY BLUNT, P.J. and DORRIAN, J., concur.

————————

[1] OAPA cited App.R. 18(C), not Civ.R. 41(B), in support of its motion to dismiss for failure to prosecute. App.R. 18(C) authorizes the dismissal of *an appeal* based on an appellant's failure to timely file an appellate brief, but the rules of civil procedure, not the rules of appellate procedure, apply to an original action filed in the court of appeals. *State ex rel. Ziegler v. Ohio Dept. of Pub. Safety*, 145 Ohio St.3d 319, 2016-Ohio-1136, ¶ 6. The magistrate therefore appropriately relied on Civ.R. 41(B) as a basis for dismissal.

# APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Nathaniel Bush, Jr., | : | |
| Relator, | : | |
| v. | : | No.  22AP-682 |
| Ohio Adult Parole Authority, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

## M A G I S T R A T E ' S   D E C I S I O N

Rendered on April 27, 2023

*Nathaniel Bush, Jr.,* pro se.

*Dave Yost,* Attorney General, and *Andrew Gatti,* for respondent.

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

{¶ 7}    Relator, Nathaniel Bush, Jr., has filed this original action requesting that this court issue a writ of mandamus ordering respondent, Ohio Adult Parole Authority ("OAPA"), to afford him a new neutral and detached OAPA chair/designee in accordance with his due process and equal protection rights as determined by the United States Supreme Court in *Morrisey v. Brewer*, 408 U.S. 471 (1972). The OAPA has filed a February 15, 2023, motion to dismiss for failure to prosecute. Relator has not filed a response to the motion to dismiss.

Findings of Fact:

{¶ 8}   1. Relator is an inmate incarcerated at Lake Erie Correctional Institution.

{¶ 9}   2. The OAPA is a governmental agency responsible for, among other things, the release and supervision of adult felony offenders returning to local communities from prison.

{¶ 10}  3. On November 9, 2022, relator filed the instant mandamus action asking this court to order the OAPA to afford him a new neutral and detached OAPA chair/designee in accordance with his due process and equal protection rights as determined by the United States Supreme Court in *Morrisey*.

{¶ 11}  4. On December 8, 2022, this magistrate issued a briefing order, in which the magistrate ordered relator to file his brief by January 25, 2023. Relator has not filed a brief.

{¶ 12}  5. On February 15, 2023, the OAPA filed a motion to dismiss for failure to prosecute, pursuant to App.R. 18(C) and Local Rule 10(D) of the Tenth District Court of Appeals. Relator has not filed any response to the motion to dismiss.

Conclusions of Law:

{¶ 13} The magistrate recommends that this court grant the OAPA's motion to dismiss this action because relator has failed to prosecute his action.

> Civ.R. 41 provides, in pertinent part:
>
> (B) Involuntary dismissal; Effect thereof.
>
> (1) Failure to prosecute. Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim.
>
> * * *
>
> (3) Adjudication on the merits; Exception. A dismissal under division (B) of this rule and any dismissal not provided for in this rule, except as provided in division (B)(4) of this rule, operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies.

{¶ 14} In the present case, on December 8, 2022, the magistrate issued a briefing order, in which the magistrate ordered relator to file his brief by January 25, 2023. Relator

has not filed a brief. Pursuant to Civ.R. 41(B)(1), this court may dismiss relator's mandamus action for failing to prosecute the matter and file a brief pursuant to the magistrate's order. Such a dismissal is upon the merits pursuant to Civ.R. 41(B)(3).

{¶ 15} Accordingly, it is the magistrate's decision that, based upon relator's failure to file a brief and prosecute the action, this court should grant the OAPA's motion to dismiss, upon the merits, relator's complaint for writ of mandamus pursuant to Civ.R. 41(B).


/S/ MAGISTRATE
THOMAS W. SCHOLL III


**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).