[Cite as *State ex rel. Baughman Twp. v. Underwood*, 2024-Ohio-771.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

STATE OF OHIO EX REL. BAUGHMAN
TOWNSHIP, OHIO

    Relator

    v.

JARRA UNDERWOOD

    Respondent

C.A. No.    22AP0051

ORIGINAL ACTION IN
MANDAMUS

Dated: March 4, 2024

PER CURIAM.

{¶1}    Baughman Township has petitioned this Court for a writ of mandamus directed to Respondent, Wayne County Auditor Jarra Underwood. Auditor Underwood filed an answer in which she sought dismissal of the action for various reasons, including that the complaint failed to state a claim upon which relief could be granted. Baughman Township moved for summary judgment and Auditor Underwood responded. The parties then attempted to resolve this matter through mediation, but were unsuccessful. For the following reasons, this Court must dismiss this case.

*Requirements for Writ of Mandamus*

{¶2}    Baughman Township has sought a writ of mandamus. The writ of mandamus "is a writ, issued in the name of the state to [a] person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." R.C. 2731.01. It is, "an order, in this case to a public officer, to perform an act which the law specifically enjoins as a

duty resulting from [her] office." *State, ex rel. Hodges, v. Taft*, 64 Ohio St.3d 1, 3 (1992), citing R.C. 2731.01. To grant a writ of mandamus, this Court "must find that the relator has a clear legal right to the relief prayed for, that the respondent is under a clear legal duty to perform the requested act, and that the relator has no plain and adequate remedy at law." *Id.* Baughman Township must demonstrate all three elements for this Court to grant the writ of mandamus. It must prove its claim to the writ by clear and convincing evidence. *State ex rel. Manley v. Walsh*, 142 Ohio St.3d 384, 2014-Ohio-4563, ¶ 18.

{¶3} There are a number of limitations on this Court's ability to grant a writ of mandamus. A writ cannot issue to control an officer's exercise of discretion, but it can compel the officer to exercise discretion when the officer has a clear legal duty to do so. *Hodges*, 64 Ohio St.3d at 4. *See, also, State ex rel. Athens Cty. Bd. of Commrs. v. Gallia, Jackson, Meigs, Vinton Joint Solid Waste Mgt. Dist. Bd. of Directors*, 75 Ohio St.3d 611, 614 (1996). Mandamus is an extraordinary remedy; the writ should be issued with great caution and only when the way is clear. *Manley* at ¶ 18.

*Limitations on granting the Writ of Mandamus*

{¶4} If the allegations of the complaint for writ of mandamus show the real objective is a declaratory judgment, "the complaint does not state a cause of action in mandamus and must be dismissed for want of jurisdiction." (Quotation omitted.) *State ex rel. Obojski v. Perciak*, 113 Ohio St.3d 486, 2007-Ohio-2453, ¶ 13. To determine the true nature of the claim, we must examine the complaint to determine the remedy sought by Baughman Township. *Id.* Even if some allegations in the complaint refer to compelling the performance of a duty, if the request establishes the relief it seeks is a judgment declaring that respondent's action is improper, that appears to seek a declaratory judgment which this Court lacks jurisdiction to grant. *Id.* at ¶ 14.

**{¶5}** One final consideration is critical to this Court's decision. It is well settled that a "writ of mandamus will not issue to compel a public official to perform a legal duty which has been completed." *State ex rel. Breaux v. Court of Common Pleas of Cuyahoga Cnty.*, 50 Ohio St.2d 164, 164 (1977). As noted above, mandamus provides a remedy if a statute creates a duty and the public official *refuses* to act, but that is because mandamus would remedy the official's refusal to perform a duty. *State ex rel. Corrigan v. Seminatore*, 66 Ohio St.2d 459, 463-464 (1981).

*Factual allegations of the complaint*

**{¶6}** According to the complaint, in 2012, four municipalities, Baughman Township, Sugar Creek Township, the Village of Marshallville, and the Village of Dalton, executed a joint resolution. By that resolution, they agreed to create the East Wayne Joint Fire District. The Fire District was intended to provide each of the municipalities with fire protection services.

**{¶7}** The municipalities executed an amended joint resolution in 2014 and, pursuant to that resolution, agreed to pay the following sums to the Fire District on an annual basis for fire protection services: (1) $70,000 on behalf of Baughman Township; (2) $70,000 on behalf of Sugar Creek Township; (3) $12,600 on behalf of the Village of Marshallville; and (4) $72,000 on behalf of the Village of Dalton. The resolution provided that, upon the withdrawal of any municipality from the Fire District, the Auditor would "ascertain, apportion and order a division of the vehicles, equipment, supplies, funds on hand, monies and taxes in the process of collection, except for taxes levied for the payment of indebtedness, credits, and real and personal property, either in money or in kind, on the basis of the valuation of the respective tax duplicates of the withdrawing township or municipal corporation and the remaining territory of the Fire District."

{¶8} Sugar Creek Township withdrew from the Fire District effective January 1, 2017; that withdrawal is not at issue in this case. Baughman Township withdrew from the Fire District effective January 1, 2019.

*Authority to create and dissolve a fire district*

{¶9} Townships and municipal corporations may, by adoption of a joint resolution, create a joint fire district. R.C. 505.371(A). A joint fire district is governed by a board of fire district trustees. R.C. 505.371(B). The board may exercise the same powers as granted to a board of township trustees, including the power to levy a tax. *Id.*

{¶10} The board may establish charges for the use of ambulance or emergency medical services. R.C. 505.371(C)(1). The fees collected under this section are kept in a separate fund, the ambulance and emergency medical services fund. R.C. 505.371(C)(3). This fund is to be used for the costs of the management, maintenance, and operation of ambulance and emergency medical services in the district. *Id.*

{¶11} The statute provides steps for adding new members to the joint fire district and for existing members to leave the district. R.C. 505.371(D). A member may withdraw by the adoption of a resolution ordering withdrawal. R.C. 505.371(D). That resolution becomes effective on or after January 1 of the year following the adoption of the resolution of withdrawal. R.C. 505.371(D). After the member withdraws, the district cannot levy taxes except for the payment of indebtedness within the district as it was comprised at the time the indebtedness was incurred. R.C. 505.371(D).

{¶12} Upon the withdrawal of a member, the county auditor is responsible for dividing funds:

> the county auditor shall ascertain, apportion, and order a division of the funds on hand, including funds in the ambulance and emergency medical services fund,

moneys and taxes in the process of collection, except for taxes levied for the payment of indebtedness, credits, and real and personal property, either in money or in kind, on the basis of the valuation of the respective tax duplicates of the withdrawing municipal corporation or township and the remaining territory of the joint fire district.

R.C. 505.371(D).

{¶13} Baughman Township notified the Auditor of its withdrawal and requested her to ascertain, apportion, and order a division of the Fire District's funds pursuant to the statute and amended joint resolution. The Auditor determined that Baughman Township was entitled to a division of the ambulance and emergency services fund and not a division of the general fund of the Fire District. She concluded it would not be equitable to divide the general fund based on a percentage of the tax duplicate because the amounts paid to the Fire District were based on the contractual contributions rather than tax payments. Accordingly, the Auditor determined that Baughman Township was entitled to 58.2% of the ambulance and emergency services fund rather than 58.2% of all of the funds.

{¶14} Baughman Township asserted in its complaint that the Auditor had a clear statutory and legal duty pursuant to R.C. 505.371(D) and the amended joint resolution to ascertain, apportion, and divide all of the Fire District's funds on hand based on the tax base valuation of each entity. According to the complaint, the Auditor divided the funds, but only the funds in the ambulance and emergency services fund. The complaint alleges that the Auditor's decision was clearly erroneous. It further alleges that the Auditor has failed to comply with, or otherwise perform, her respective statutory and legal duties, including but not limited to, the duties set forth in R.C. 505.371(D) and the amended joint resolution.

{¶15} Baughman Township seeks an order from this Court compelling the Auditor to comply with her statutory and legal duties set forth in the statute and the resolution. The complaint

also explains that Baughman Township and its residents have a financial interest in the outcome of this action, as do the remaining members of the Fire District. It notes that the Ohio Attorney General, in Opinion No. 1981-027, endorsed the use of contractual contributions to fund a joint fire district, but it did not provide guidance on distribution of funds when an entity withdraws. The complaint concludes this discussion by emphasizing that a decision by this Court in this mandamus action would provide a public benefit to the remaining members of the Fire District and all Ohioans by providing guidance on the issue of how assets are to be divided under these circumstances.

{¶16} Baughman Township's complaint and prayer for relief, sought a writ of mandamus directed to the Auditor. Specifically, it sought an order directing the Auditor to ascertain, apportion, and divide the Fire District's funds by tax valuation as of January 1, 2019.

{¶17} In her answer, among other things, the Auditor asserted that Baughman Township failed to assert a claim upon which relief could be granted. The answer otherwise agreed with the underlying factual assertions in the complaint about the formation of the Fire District and Baughman Township's withdrawal from the Fire District.

{¶18} Baughman Township moved for summary judgment. In its motion, it argued that the Auditor had a duty to divide the funds of the Fire District and, because she had not, it was entitled to summary judgment granting the writ of mandamus. The Auditor responded in opposition. She argued that her decision was subject to review only for an abuse of discretion in this mandamus action, citing to a line of Ohio Supreme Court decisions holding that mandamus provides an avenue to seek review of an agency decision when no specific right of appeal is authorized. *State ex rel. Pike Cty. Convention & Visitor's Bur. v. Pike Cty. Bd. of Comm'rs.*, 165 Ohio St.3d 590, 2021-Ohio-4031, ¶ 21. Baughman Township, for its part, did not seek this remedy in its complaint.

**{¶19}** The Auditor further argued that the case should be dismissed for failure to state a claim upon which relief could be granted and that she properly applied the statute to divide the funds according to the statute.

*Baughman Township is not entitled to the Writ of Mandamus*

**{¶20}** As noted at the outset of this decision, for this Court to grant a writ of mandamus, Baughman Township must demonstrate that it has a clear legal right to the relief prayed for, that the Auditor is under a clear legal duty to perform the requested act, and that Baughman Township has no plain and adequate remedy at law. Baughman Township alleged in its complaint that it had a clear legal right to require the Auditor to divide the funds. Its complaint also alleges that the Auditor did divide the funds, just not in the way that Baughman Township thought the funds should be divided. The Auditor agreed in her answer that she divided the funds.

**The Auditor has performed her duty**

**{¶21}** A "writ of mandamus will not issue to compel a public official to perform a legal duty which has been completed." *Breaux*, 50 Ohio St.2d at 164. Here, the Auditor did not fail to act. Instead, the complaint and answer make clear that the Auditor divided the funds, just not the way Baughan Township wanted the funds to be divided.

**{¶22}** Mandamus provides a remedy if a statute creates a duty and the public official refuses to act. *State ex rel. Corrigan v. Seminatore*, 66 Ohio St.2d at 463-464. Here, however, the Auditor acted. Baughman Township disagrees with how the Auditor divided the funds. There can be no question, however, that the Auditor received notice that Baughman Township withdrew from the Fire District and the Auditor ascertained, apportioned, and divided the funds on hand.

**{¶23}** Baughman Township and the Auditor have different interpretations of the statute and how it should apply. Baughman Township's complaint suggests there is only one meaning

for how a fire district's funds should be divided when a member withdraws. However, its complaint also encourages this Court to enter a decision in this mandamus action so that the remaining entities in the Fire District and all Ohioans will benefit by this Court providing guidance on how funds are to be divided when an entity withdraws. In other words, Baughman Township's complaint itself highlights that the statute is not clear. When the duty is unclear, mandamus relief is unavailable. *Manley*, 2014-Ohio-4563, ¶ 18.

**Baughman Township's real objective is a declaratory judgment**

{¶24} We must conclude that the allegations of the complaint show Baughman Township's real objective is a declaratory judgment. Baughman Township sought an order from this Court that the Auditor did not correctly apply the statute in dividing the Fire District's funds. While it couched this in terms of mandamus, the remedy Baughman Township sought was not mandamus – because the Auditor has already acted – but, rather, a declaration that the Auditor has not divided the funds correctly.

{¶25} Baughman Township's complaint does not state a cause of action in mandamus. *Obojski*, 113 Ohio St.3d 486, ¶ 13. We have examined the complaint to determine the true remedy sought by Baughman Township. Even though some allegations in the complaint refer to compelling the performance of a duty, the relief the complaint seeks is a judgment declaring that the Auditor's action is improper. As the Supreme Court has recognized, that seeks a declaratory judgment which this Court lacks jurisdiction to grant. *Id.* at ¶ 14.

**Mandamus cannot create a duty**

{¶26} We noted earlier that Baughman Township's complaint encouraged this Court to provide guidance for the remaining members of the Fire District and other litigants who encounter a similar issue. To put it another way, Baughman Township asked this Court to state the duty

owed by the Auditor. While that is understandable, given the dispute between the parties, that is beyond this Court's authority. A mandamus action does not permit a court to create a legal duty. *State ex rel. Stanley v. Cook*, 146 Ohio St. 348 (1946), paragraph eight of the syllabus. The creation of the legal duty is the distinct function of the legislature and courts are not authorized to create the duty and then enforce it in mandamus. *State ex rel. Pipoly v. State Teachers Retirement Sys.*, 95 Ohio St.3d 327, 2002-Ohio-2219, ¶ 18. Where the right to relief is not clear, mandamus is not appropriate. *See, e.g., Manley*, 2014-Ohio-4563, ¶ 26.

*Conclusion*

**{¶27}** Baughman Township is not entitled to a writ of mandamus and its motion for summary judgment is denied. Auditor Underwood's motion to dismiss is well taken and this case is dismissed.

**{¶28}** Costs are taxed to Baughman Township. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58.

SCOT STEVENSON
FOR THE COURT

SUTTON, J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

JOSHUA E. O'FARRELL and JUSTIN S. GREENFELDER, Attorneys at Law, for Relator.

JAMES F. MATHEWS, Attorney at Law, for Respondent.